**66 So.2d 515**

## STATE v. ROBINSON.

### No. 41051.

Feb. 16, 1953.

On Rehearing June 1, 1953.

R. R. Reeves, Jr., Harrisonburg, E. H. Lancaster, Jr., Tallulah, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and D. W. Gibson, Dist. Atty., Harrisonburg, for appellee.

LE BLANC, Justice.

The defendant, Rube Robinson, was charged by a bill of information filed by the District Attorney for the Parish of Cata-houla with having, on October 9, 1951, negligently killed one Bunion Posey. The homicide resulted from a collision between two trucks, one of which was being driven by the defendant, on the public highway between Sicily Island and Fowles. Defendant waived a trial by jury and elected to be tried before the District Judge who, after hearing the case, found him guilty and sentenced him to serve three years at hard labor in the State Penitentiary. He now brings this appeal presenting certain bills of exception which were reserved during the course of the trial and which have been perfected.

In the first of his bills of exception defendant complains of the ruling of the District Judge under which a State Trooper, R. C. McGuffee, was permitted to testify, over objection, as to the speed at which the truck being driven by defendant was traveling at the moment of impact with the other truck. The contention made is that the State Trooper, who it is said arrived at the scene of the accident some forty-five minutes after it happened, testified that there were no skid marks or road marks at the scene, and therefore it is contended there were no signs or circumstances by which he could determine the speed of the truck.

It appears from the record that the State Trooper was offered by the State as an expert witness and qualified as such without objection on the part of defendant. In his per curiam the District Judge states that he

felt that the witness, from his long experience as a State Trooper, was competent to give expert testimony in this type of work and was able, from all the facts shown by his investigation, to arrive at an estimate of the speed of the truck. The State Trooper who stated that he reached the site of the accident about thirty minutes after it had occurred, testified that from the force of the impact and the distance covered by both trucks after the blow, he estimated the speed of the truck defendant was driving as at forty or forty-five miles per hour. Testimony of that character was admissible as evidence of the speed of the truck at the time of the accident. See Code of Criminal Law & Procedure, LSA–R.S. 15:464; Wharton's Criminal Evidence, Vol. 2, p. 1777, Sec. 1017, p. 1782, Sec. 1021. See also Blashfield Cyclopedia of Automobile Law and Practice, Vol. 9, Part 2, sections 6233 and 6234. The trial judge properly admitted and gave effect to the testimony of the witness on this point.

Counsel for both defendant and the State have combined the next three bills for the purpose of argument. The first of these relates to questions propounded to the witness, Aubrey Covington, by whom the defendant was employed at the time of the accident. On cross-examination of this witness, testimony was sought to be elicited regarding the past driving experience and ability of the defendant and whether or not he had ever cautioned him about his fast driving. The other two bills have reference to the testimony of two other witnesses, Robert Hardy and Mrs. Roy Zeigler, concerning conversations they had with the witness, Covington, several days after the accident, in the course of which Covington is alleged to have stated to them that he had warned the defendant on several occasions about his fast driving.

On examination we find, with respect to the first of these three bills, that the record is a bit confusing as to whether the objection on which it is predicated was made to the testimony that is now complained of as being hearsay, irrelevant and highly prejudicial. Be that as it may, and not withstanding the fact that the testimony may have been irrelevant, we do not think that it was prejudicial; certainly not to such extent as to warrant setting aside the judgment or granting defendant a new trial. Article 557 of the Code of Criminal Law and Procedure, LSA–R.S. 15:557 provides that "No judgment shall be set aside, or a new trial granted by any appellate court of this state, in any criminal case, on the grounds of * * * or the improper admission or rejection of evidence, * * * unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right." The entire record is before us in this case, and we

have carefully examined it, and even if it were to be conceded that the testimony objected to was irrelevant we cannot see how its admission was prejudicial to any *substantial* rights of the defendant.

The other bills, as we have already stated, have to do with the testimony of two witnesses, called by the State on rebuttal, to impeach the testimony of the witness, Covington, who did not distinctly admit making statements to them concerning the defendant's fast driving. The testimony of the first of these two witnesses was that it was immaterial and hearsay and to that of the second, that it was an indirect attempt to cast a reflection on the defendant under the guise of impeaching one of his witnesses. The district judge in his per curiam to each of these bills states that he admitted the testimony of both witnesses solely for the purpose of impeaching the testimony of defendant's employer, Covington, and that he did not consider that it touched upon the defendant's character in any manner. Under Article 493 of the Code of Criminal Law and Procedure, LSA–R.S. 15:493, the testimony was admissible for the purpose of impeachment.

We note another bill in the record which relates to a State witness named Copeland who was recalled to testify as to the speed of the truck defendant was driving at the time of the collision. The complaint on this bill is that the State was attempting to impeach one of its witnesses under the guise of impeachment of the defendant and

that to admit such rebuttal testimony was prejudicial. This bill is not discussed in brief of counsel for defendant and we assume that it has been abandoned. Even were it to be considered, however, we think it has been properly disposed of by the per curiam of the trial judge who states that the testimony was admitted not to impeach another State witness but only in rebuttal of the testimony of the defendant concerning the movements of the truck he was driving.

The last bill of exception has to do with the denial of a motion for a new trial. The motion was based upon the statement of the court to the effect that defendant found himself in a difficult situation due solely to his negligent operation of the truck and that such negligence caused the death of decedent. Counsel for defendant contend that this shows that this case is not one of the gross "disregard of the interest of others" nor the "gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances", LSA–R.S. 14:12, and they maintain therefore that the application of the law in this case was erroneous. This in our opinion amounts to a plea that the verdict is contrary to the law and the evidence. Under the provisions of the Code of Criminal Procedure, LSA–R.S. 15:516, "Neither the appellate nor supervisory jurisdiction of the Supreme Court can be invoked to review the granting or the refusal to grant a new trial except for error of law." We find no misapplication of the law, and find-

ing also that there is no merit in any of the bills of exception presented, it follows that the conviction and sentence ought to be affirmed.

For the reasons stated the judgment is affirmed.

FOURNET, C. J., concurs.

McCALEB, J., dissents with written reasons.

McCALEB, Justice (dissenting).

I think that the trial judge committed reversible error in permitting R. C. McGuffee to give his opinion or guess that defendant was driving the truck involved in the accident at a speed of 40 to 45 miles per hour at the moment of the impact with the other truck. I say "opinion" or "guess" because it is conceded that McGuffee did not witness the accident, having arrived on the scene not sooner than 30 minutes afterwards. Accordingly, since he did not observe the speed at which defendant's truck was travelling, his statement was clearly hearsay and could only be received on the theory that he was an expert on the speed of motor vehicles qualified, as such, to give reliable evidence grounded on calculations made of skid marks or other matter which came under his observation after the accident. Articles 463, 464, 465 and 466, Code of Criminal Procedure, LSA–R.S. 15:463, 464, 465 and 466. The trial judge admitted the evidence on that basis and the majority, in approving his ruling, state that "It ap-

pears from the record that the State Trooper was offered by the State as an expert witness and qualified as such without objection on the part of defendant".

1 do not find that the record supports this observation. While McGuffee testified that he had been a State Trooper for 12 years and that he had been schooled in traffic laws and rules of the highways, he gave no evidence with regard to his training and experience in calculating the speed of a moving object which he had not seen in motion. To be specific, the record shows that, when McGuffee was first placed on the stand by the State, he was asked whether he had any special training to qualify him for his position as State Trooper, which he had held for more than 12 years. He responded that he would not say that he had special training but that he had been given the same schooling and had the same experience as other troopers pertaining to the laws and rules of the highways. He then testified that he reached the accident some 30 minutes after its occurrence and stated the positions in which he found the trucks involved therein and other physical data. Following his cross-examination, he was asked by the district attorney on redirect if he could determine "* * * the speed of the seed truck travelling at the point of the impact there?". Counsel for the defense immediately objected on the ground that, since the witness was not present, his statement would be hearsay. The objection was overruled and McGuffee permitted to spec-

ulate that the speed of the truck was 40 or 45 miles per hour.

At no time, during the trial, did the district attorney tender the witness as an expert nor was any attempt made to lay a foundation, as required by law, LSA–R.S. 15:466; State v. Damico, 213 La. 765, 35 So.2d 654, for the admission of evidence as to speed by showing the training and experience, either scientific or otherwise, possessed by the witness. McGuffee says that he bases his opinion on the nature of the impact and the distance both trucks travelled thereafter. Liberally conceding, for the sake of discussion, that this type of opinion might be voiced by one having special knowledge in estimating speed of moving objects from the result of their impact,[1] there is nothing here exhibiting that McGuffee had any schooling whatever on the subject, or had made tests, or, indeed, had even witnessed a collision between two moving objects. In its final analysis, the view of the majority is simply that, since McGuffee had been a state trooper for 12 years, he must be qualified. In support of the opinion that testimony of the character given by him is admissible, Blashfield's Cyclopedia of Law and Practice, Vol. 9, Part 2, Sections 6233 and 6234 are cited.

The statements contained in the citations from Blashfield, relied on by the majority, which deal specifically with personal injury cases, do not sustain the view that a police officer is qualified to give unobserved estimates of the speed of an automobile, based on conditions obtaining after an accident, as expert evidence. On the contrary, Section 6233 merely provides that the speed of an automobile may, like any other fact, be established by circumstantial evidence and Section 6234 declares that the physical effect of the impact of vehicles is a material circumstance to be considered in determining whether the offending vehicle has been operated at a negligent rate of speed. I have no quarrel with these pronouncements but they are without pertinence to the question of the admissibility of opinion evidence to prove speed.

Albeit, the section of Blashfield, which is appropriate to this case, is Section 6238 of Part 2, Vol. 9, entitled "Nonobservers' Testimony as to Speed". A perusal of that section will reveal that it fully supports the contention of defense counsel that, in the

1. The great weight of authority appears to be that, even in civil cases, so-called expert testimony as to the speed of an automobile at the time of an accident, based on the appearance or condition of the automobile after the accident, is inadmissible upon the ground that the witnesses are not really qualified as experts and that such estimates amount to a mere guess. Oyster v. Dye, 7 Wash.2d 674, 110 P.2d 863, 133 A,L.R. 720; Annotation 133 A.L.R. 726. See also Annotations entitled "Opinion evidence as to speed of automobile or motorcycle" 70 A.L.R. 540 and 94 A.L.R. 1190.

absence of skid marks or road marks at the scene of the accident, expert testimony as to speed is inadmissible. And it is further stated therein that, in order for witnesses to be qualified as experts of this sort, they " * * * should also show preliminarily their familiarity with automobiles, their makes, operation, and driving, as well as the time when the witnesses were at the scene of the collision and the extent of the observations made by them."

The majority also cite Sections 1017 and 1021 of Wharton's Criminal Evidence, 11th Ed., in approving the admission of Mc-Guffee's statement anent the unobserved speed of the truck. These sections of Wharton, like the citations from Blashfield, do not sustain the opinion. Section 1017 merely sets forth that a witness, who has qualified as an expert, is subject to the same rules of examination as other witnesses. And Section 1021 declares that the circumstance that an expert has personal knowledge of the facts of a case does not disqualify him to testify regarding those facts and that he may also voice his opinion in answer to hypothetical questions.

Being of the view that defendant is entitled to a new trial for the reasons above set forth, it is unnecessary that I express an opinion on the other Bills of Exceptions tendered by defendant.

On Rehearing.

HAMITER, Justice.

On granting this rehearing we limited it to a reconsideration of bill of exceptions

No. 1 which was reserved when R. C. Mc-Guffee, a State Trooper, was permitted over the objection of defense counsel to give an estimate as to the speed of the truck driven by the accused at the time of the fatal accident, the witness having neither viewed the collision nor observed any skid marks at the scene.

Originally, while recognizing that the estimate was no more than the expression of an opinion which is ordinarily held to be inadmissible, we approved the trial judge's ruling on the theory that the State Trooper was offered by the State as an expert witness, he having qualified as such without objection from the defendant. However, a further examination of that part of the record relevant to the mentioned bill of exceptions discloses that the proper foundation, required by law as a condition precedent for the admission of the opinion, was not laid. Nor do we find that the district attorney ever tendered the witness as an expert.

As said in Title 15 of LSA–R.S. (also in Code of Criminal Procedure):

"Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have." Section 463.

"On questions involving a knowledge obtained only by means of a special training or experience the opinions of

persons having such special knowledge are admissible as expert testimony." Section 464.

"Every expert witness must state the facts upon which his opinion is based." Section 465.

*"The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion,* and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court." Section 466. (Italics ours.)

And in Wharton's Criminal Evidence, Eleventh Edition, Volume 2, Section 959, we find:

"A witness, to qualify as an expert, must have acquired such special knowledge of the subject-matter about which he is to testify, either by study of the recognized authorities on the subject, or by practical experience, that he can give the jury assistance and guidance in solving a problem to which their equipment of good judgment and average knowledge is inadequate. *It is not enough for a witness who would qualify as an expert to prove that he belongs to the profession or calling to which the subject-matter of the inquiry relates; he must further show that he possesses special knowledge as to the very question on which he proposes to express an opinion.* * * *" See

also same text Section 968. (Italics ours.)

As the basis for his knowledge of traffic matters the witness in question gave only the following testimony:

"Q. What office Mr. McGuffee do you hold with the State? A. State Trooper.

"Q. How long have you been employed in that work? A. More than 12 years.

"Q. Have you had special training to qualify you for this position? A. Well I wouldn't say special. I've had the schooling and the experience that Troopers have.

"Q. You have had schooling at different intervals since you have been a Trooper? A. Yes, sir.

"Q. What was the nature of that schooling Mr. McGuffee? A. Well it's pertaining to laws and rules of the highways, and traffic laws and rules."

Because of the various periods of schooling in traffic laws and rules and his lengthy service as a State Trooper the witness, undoubtedly, is thoroughly versed in highway regulatory matters. But from his testimony it cannot be said with certainty that he possesses any special knowledge, or that he has ever had any particular experience, sufficient to render him competent to accurately gauge the speed of the truck, the motion of and skid marks from which he did not observe, by merely examining

the condition and position thereof some thirty minutes after it collided with another vehicle. In fact, it is highly possible that he never saw, heard of, or read of a collision occurring under the same circumstances that prevailed in this instance.

The opinion expressed by the witness, therefore, was inadmissible. And certainly it was prejudicial to the substantial rights of the accused.

For the reasons assigned the conviction and sentence are annulled and set aside and the defendant is granted a new trial.

LE BLANC, J., dissents and assigns reasons.

LE BLANC, Justice (dissenting).

I am still of the opinion that there is no merit in bill of exception No. 1 and as that is the only bill that was considered on rehearing and on which the original opinion and decree was reversed, I find myself unable to agree with the majority.

Bill No. 1 was not reserved to the failure of the State to have *offered* the witness, McGuffee, as an expert. As the bill prepared by counsel for defendant indicates, the witness' testimony relative to the speed at which defendant's truck was traveling at the point of impact with the other truck, was objected to "as Trooper McGuffee had previously testified there were no skid marks or road marks at the scene of the accident. Therefore, counsel for defendant contended that there was nothing by which Trooper McGuffee could determine the speed of the vehicle".

As pointed out in the original opinion, the per curiam of the trial judge, which is what we have to guide us by in determining the competency of the witness to testify on this matter, shows that he (the trial judge) was satisfied with his competency for he stated: "From the long experience of the witness McGuffee as a State Trooper, the court felt that he was competent to give expert testimony in this type of work *and from all the facts shown by his investigation,* arrive at an estimate of the speed of the vehicle driven by the defendant". (My emphasis.)

It is pertinent to quote from Articles of the Code of Criminal Procedure, Title 15 of LSA–R.S., on the question of expert testimony, as is done in the present majority opinion, and, reading Section 464, as quoted, I cannot help but feel that it supports the ruling of the district judge on the objection made to the testimony offered in this case. I desire to emphasize the language of the section which is that "On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony". That is exactly the knowledge the witness in this case had; that obtained by means of special training and experience and the test of his competency, as laid down in Section 466, also quoted in the

majority opinion, had been met since it had been "established to the satisfaction of the court", all as evidenced by the per curiam of the trial judge.

In this same connection, may I add that the witness also met the qualifications prescribed in Wharton's Criminal Evidence, Vol. 11, Section 959, also quoted in the majority opinion, to the effect that he must have acquired knowledge of the "subject matter about which he is to testify, either by study of recognized authorities on the subject or by practical experience, * * *." Practical experience is what the trial judge found he had and of sufficient degree to qualify him to testify.

The majority opinion quotes a part of the testimony of the witness to support the conclusion that he did not possess the practical experience necessary to qualify him as an expert. Regardless of what the quoted portion of the testimony shows I do not believe that it could be considered in connection with the bill of exception because it was not attached to nor a part of the bill. It is a well established principle, under our jurisprudence, that "the only way evidence can be brought before the Supreme Court in a criminal case is by annexing it to, and making it part of, a bill of exception timely reserved". State v. Honeycutt, 218 La. 362, 49 So.2d 610, 612, and numerous cases therein cited. This court is bound by the per curiam of the trial and guided by that of the judge on this bill, I am firmly convinced that the witness was competent to testify as an expert.

For these reasons I respectfully dissent.