281 So.2d 123 (1973)
STATE of Louisiana
v.
Willie Roscoe LEE.
No. 52539.
Supreme Court of Louisiana.
June 11, 1973.
Rehearing Denied August 20, 1973.
*124 Michael F. Barry, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Leroy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Willie Roscoe Lee, was charged by Bill of Information with aggravated burglary in violation of LSA-R.S. 14:60. He was tried before a jury, convicted, and sentenced to 12 years in the state penitentiary. He appeals the conviction and sentence, relying upon 13 bills of exceptions.[1]
*125 A preliminary question has been raised concerning the adequacy of the bill of information, which does not specify the felony that defendant intended to commit in the dwelling he is alleged to have entered. After consideration, we have concluded that the bill of information is legally sufficient.
The bill of information reads, in part, that Willie Roscoe Lee, "... committed aggravated burglary, in that he did, without authorization, enter an inhabited dwelling and structure, to-wit: 1323 Dauphine Street, Apt. #3, belonging to one Kathryn Leonard, where a person was present, to-wit: one Kathryn Leonard, with the intent to commit a felony therein, and did commit a battery upon the said Kathryn Leonard while therein, ..."
LSA-R.S. 14:60 provides:
"Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, watercraft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
"(1) Is armed with a dangerous weapon; or
"(2) After entering arms himself with a dangerous weapon; or
"(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
"Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years."
Article 464 of the Louisiana Code of Criminal Procedure provides that an indictment shall "be a plain, concise, and definite written statement of the essential facts constituting the offense charged...."
Article 465 authorizes the use of the following short form to charge aggravated burglary:
"A.B. committed aggravated burglary of the dwelling of C.D.; or A.B. committed aggravated burglary of a warehouse (or other structure, watercraft, or movable, as the case may be) belonging to C.D."
The bill charging the defendant, Lee, includes all of the essential language required by the short form. The addition of other facts is not a cause for invalidating the bill under Article 465, LSA-C.Cr.P., which provides:
"The indictment, in addition to the necessary averments of the appropriate specific form hereinbefore set forth, may also include a statement of additional facts pertaining to the offense charged. If this is done it shall not affect the sufficiency of the specific indictment form authorized by this article."
Defendant argues that State v. Franks, 230 La. 465, 89 So.2d 39 (1956), controls the present case and requires a holding that the bill of information is insufficient. The case, however, is distinguishable.
In Franks, the bill at issue did not satisfy the requirements of the short form indictment because, unlike the present bill, it omitted the name of the person whose dwelling was burglarized. It was, therefore, tested against the criteria of the long form which it also failed to meet.
We conclude that the bill of information at bar, which does satisfy the requirements of the short form, is sufficient.

BILLS OF EXCEPTIONS NOS. 1-4
The first four bills of exceptions concern rulings of the court during voir dire examination of prospective jurors.
Bill of Exceptions No. 1 was reserved when the court overruled defendants objection to a reading by the assistant district attorney of Article 60 of the Louisiana Criminal Code, defining aggravated burglary, to the jurors. Bill No. 2 was reserved *126 to the overruling of the objection raised when he also read Louisiana Code of Criminal Procedure Articles 10 and 11 on criminal intent. A mistrial was moved for and bill of exceptions No. 3 was reserved to the overruling of the objection made when the assistant district attorney told the prospective jurors that they could see for themselves that the essential elements of the crime of aggravated burglary are an unauthorized entering of any inhabited dwelling where a person is present, where the person commits a battery upon any person while in such place, or he has the intent to commit a felony, or any theft. Bill No. 4 was reserved to the question he then posed. He asked the prospective jurors if they had any objection to the law as written or to any of the elements of the crime, and whether they could apply the law as charged.
Defendant argues that the statutes read to the jury are properly a part of the judge's charge to the jury. In his per curiam to Bills Nos. 1 and 2, the trial judge states that article 786 of the Code of Criminal Procedure gives the trial judge great latitude in allowing questioning relating to qualifications of prospective jurors. He found the reading of the statutes unobjectionable and non-prejudicial.
In State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972) we held:
"During voir dire examination the prosecutor read Section 962 of Title 40 of the Revised Statutes, the statute defining the crime of which he is charged, in order to ascertain from the prospective jurors whether they entertained objections to enforcing the law governing the possession of narcotics such as heroin.
"Although we have disapproved lengthy statements of particular phases of law to jurors on voir dire examination, this incident only involves a verbatim recitation of the statute under which the accused was charged.
"Considering the discretion which the law invests in the trial judge this ruling was proper."
Bills of Exceptions Nos. 1 and 2 have no merit.
Bill No. 3 was reserved to the District Attorney's reiteration of the law, after he had read the pertinent statutes. Defense counsel objected to the statement and asked for a mistrial on the ground that the law, as summarized by the state, was erroneous and the court did not admonish the jury to disregard the remarks.
Defendants' objection was that the elements of aggravated burglary were recited by the District Attorney as being disjunctive rather than conjunctive. In this connection, LSA-R.S. 14:60 does provide that both a battery and an intent to commit a felony or any theft therein must be present to sustain a conviction.
Article 770, LSA-C.Cr.P., lists the types of remarks which are mandatory causes of a mistrial, as follows:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
"(3) The failure of the defendant to testify in his own defense; or
"(4) The refusal of the judge to direct a verdict. An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. *127 If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
The District Attorney's mistatement of the law, therefore, is not a mandatory cause for mistrial. As we stated in State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972):
"Mistrial is a drastic remedy. It is only authorized in specified instances where unnecessary prejudice results to the accused."
In his general charge, the trial judge instructed the jury that they were to receive and accept the law as given to them by the court and correctly enumerated all elements of the crime. We cannot assume that the jurors failed to follow these clear instructions. Hence, the trial judge did not abuse his discretion in denying a mistrial.
Bill of Exceptions No. 4 was reserved when the District Attorney, after having read the code articles containing the law applicable to the case to the jurors, inquired on voir dire examination whether or not they objected to the law as written or to any essential elements so that they could not return a verdict of guilty even if all elements of the crime were proven. The objection was overruled and the bill reserved.
Defense counsel argues that it is not permissible to question jurors about their personal opinion as to the law as it is or as it should be. He cites State v. Webb, 156 La. 952, 101 So. 338 (1924) and State v. Richey, 258 La. 1094, 249 So.2d 143 (1971) as authority. Both cases involved bills reserved when the trial judge refused to allow defense counsel to question jurors about their knowledge of law. In both cases, this Court held that under the circumstances the trial judge had not abused his discretion in his limitation of the scope of questioning on voir dire under the provisions of C.Cr.P. Art. 786.
The State points to State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972) as controlling. In that case we held it was not reversible error to ask a juror if he would accept a certain law. There, this Court said:
"In questioning the prospective jurors on voir dire, the prosecutor asked them whether they would accept the law to the effect that the quantity of heroin possessed by an accused is unimportant to the charge of possession of narcotics, so long as some quantity is in his possessionsuch as the residue in some object, a minimal amount. Defense counsel objected to the question and the objection was overruled.
"No abuse of discretion results from this ruling. Although we think this questioning treads unduly close to that stage of excessive inquiry into the law which is objectionable, the circumstances reveal no abuse of the trial judge's discretion."
Although such questions are not favored, we find no abuse of the discretion of the trial judge or prejudice to the defendant. Bill of Exceptions No. 4 has no merit.

BILL OF EXCEPTIONS NO. 5
Bill of Exceptions No. 5 was reserved when the trial judge denied defendant's challenge of one prospective juror for cause. The basis of the challenge was that, since the defense was based on intoxication, the prospective juror should be excused because he had never personally experienced the effects of alcohol. Later, the juror was excused on a peremptory challenge. Defendant argues that he was denied a fair trial by an impartial jury, a right guaranteed to him by both the United States and the Louisiana Constitution.
In his Per Curiam, the trial judge states that the juror questioned "was fair and *128 truthful and certainly could have been a fair and impartial juror."
Louisiana Code of Criminal Procedure Article 797 provides the grounds for challenge for cause. They are as follows:
"(1) The juror lacks a qualification required by law;
"(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
"(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
"(4) The juror will not accept the law as given to him by the court; or
"(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense."
Nowhere is it required that a juror have experience as to any defense. The Bill has no merit.

BILL OF EXCEPTIONS NO. 6
Bill of Exceptions No. 6 was reserved when the trial judge refused to allow defense counsel to question a prospective juror after that juror had asked: "If the State doesn't prove one particular point of the charge, does that mean that the entire charge is thrown out?" The trial judge responded to the question by instructing the juror that he was bound under his oath to take the law as he was charged by the judge.
Defense counsel reserved a bill of exceptions, contending that his examination of the prospective juror was unduly restricted, citing C.Cr.P. art. 786 and State v. Hills, 241 La. 345, 129 So.2d 12 (1961).
The trial judge, in his Per Curiam, asserts that defense counsel was merely wasting time in propounding further questions to prospective jurors and, for this reason alone, he refused further questions on the jurors understanding of the law.
As we have often held, the scope of voir dire examination of prospective jurors is a matter regulated by the trial judge within the guidelines provided. In this, the trial judge has broad discretion. We find no abuse of discretion here. See State v. Sheppard, 263 La. 379, 268 So.2d 590 (1972); State v. Bell, 263 La. 434, 268 So.2d 610 (1972).
Bill of Exceptions No. 6 has no merit.

BILL OF EXCEPTIONS NO. 7
Bill No. 7 was reserved when the state introduced photographs into evidence, which depicted the exterior of the premises at 1323 Dauphine Street, the building allegedly burglarized by defendant.
Defendant objected to the photographs on the ground that they were being offered in an attempt to prompt the jury to speculate as to the method of entry, citing State v. Robinson, 223 La. 595, 66 So.2d 515 (1953). That case is inapposite, as it pertains only to testimony calling for a conclusion which only an expert could have been qualified to give.
The State correctly points out that the photographs were admissible to corroborate and explain the testimony of the victim and another witness describing the scene of the alleged crime. Bill No. 7 has no merit.

*129 BILL OF EXCEPTIONS NO. 8
Bill of Exceptions No. 8 was reserved by the defendant after a verbal motion for a directed verdict had been denied. Defense counsel stated the ground for the motion as follows: "[T]he State has failed to prove and spell out all the elements of the crime."
Assuming that a general motion of this type can be considered, the trial judge correctly allowed the case to go to the jury based upon ample evidence adduced by the State and appearing in the record.
Thus, Bill of Exceptions No. 8 has no merit.

BILL OF EXCEPTIONS NOS. 9-11
Bills of Exceptions Nos. 9, 10 and 11 were reserved when objections made to several statements in the State's closing argument were overruled. Bill No. 9 was reserved when the assistant district attorney made the following statements in closing argument:
"And when the defendant, Willie Roscoe Lee, broke into Apartment No. 3, the third apartment in a series of apartments that he had broken into, he found exactly what he wanted to find. He found a female. His actions speak for themselves. He breaks into two prior apartments before this apartment. The officer ascertained that nothing was missing. Both of the apartments were locked and both of the residents were asleep. He breaks into Apartment No. 3 and in Apartment No. 3 is a female. He knocks on the door and she answers the door. He forces himself in and he puts his hand on her neck.
The defense objected to this as an appeal to the emotions and prejudices of the jurors, violating Article 774 of the Louisiana Code of Criminal Procedure.
In his Per Curiam, the judge states that under C.Cr.P. art. 774, argument to the jury properly included reference to evidence admitted; the statements complained of being merely a summary of the witnesses testimony. We agree.
Bill of Exceptions No. 10 was reserved when the judge overruled an objection to the State's remarks that defendant had voluntarily become intoxicated. The assistant district attorney said:
"That seems awfully convenient.
"At no time was this defendant forced to drink any of this. This is voluntary on his part.
"It would be a sad state of affairs if you let a man who says that I was intoxicated"
Defendant objected on the ground that the statement was not a fair comment on the facts in evidence but was both a distortion of defendant's special defense of intoxication and an appeal to the jury's emotions and fear of crime.
In his Per Curiam the trial judge states:
"It will be noted that the defense in this case was one of intoxication, and the assistant district attorney in his remarks was stressing the fact that if the defendant was intoxicated, he became intoxicated of his own free will, and that nobody forced him to become intoxicated, and his intoxicated condition was voluntary on his part.
"The law is to the effect that when a person becomes intoxicated voluntarily, intoxication is not a defense unless he is intoxicated to such an extent that would nullify the intent necessary to constitute the offense.
"This Court is of the opinion this argument of the assistant district attorney was fair and just, and did not go beyond the record in the case."
As the State notes, Article 15 of the Louisiana Criminal Code provides that intoxication at the time of an offense is no *130 defense unless the intoxication is involuntary or the circumstances indicate that the intoxication precludes the presence of the specific criminal intent or special knowledge required in a particular crime. State v. Youngblood, 235 La. 1087, 106 So.2d 689 (1958). While some of the prosecutor's words were irrelevant, they do not constitute reversible error.
Bill of Exceptions No. 10 has no merit.
Bill of Exceptions No. 11 was reserved to the overruling of defendant's objection to the following language of the assistant district attorney in the closing argument:
"Defense counsel did not think that I would bring up the testimony of Miss Leonardthat in fact she did say that the defendant, Willie Roscoe Lee, appeared to be drunk. She also stated that he was that far away from her, approximately 6 inches away from her face, face to face and that she did not smell alcohol. She said: `Loaded' I don't know to what degree, I don't know what she meant by loaded."
Defendant argues that the statement was a non-factual argument to sway the jurors in evaluating the evidence pertaining to the defense of intoxication. The trial judge's Per Curiam is sound. He states:
"It will be noted that counsel for the defendant was the one who brought into this case the defense of intoxication, and the assistant district attorney was merely reiterating in his argument what Miss Leonard, a witness who testified in the case, had testified to."
The Bill of Exception has no merit.

BILL OF EXCEPTIONS NO. 12
Bill of Exceptions No. 12 was reserved when the trial judge refused to include the defendant's special written charges in the general charge to the jury.
Article 807, LSA-C.Cr.P., pertaining to special jury charges, provides:
"The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
The trial judge, in his Per Curiam, states that the substance of the defendants requested special charges was included in his general charge.
Defendant argues that the charge as to the requisite criminal intent and reasonable doubt were insufficient and misleading. He argues that the charge on drunkenness, though a correct statement of law, was misleading and confusing partly because of the use of the word drunkenness rather than the more precise term intoxication.
Our reading of the court's general charge convinces us that the essential elements of all three special charges were included and that the court's charge reflected a correct statement of the law.
Bill of Exceptions No. 12 has no merit.

BILL OF EXCEPTIONS NO. 13
Bill of Exceptions No. 13 was reserved when the trial judge denied defendant's motion for a new trial. Defendant asserts that the verdict was contrary to the law and the evidence and that the bills reserved during the course of the trial showed prejudicial error. The bill, therefore, presents nothing new for review.
*131 For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, J., concurs for the reasons assigned.
BARHAM, J., dissents.
TATE, J., concurs in the decree.
DIXON, J., concurs.
SUMMERS, Justice (concurring in part).
I do not agree that this Court can assume that a motion for a directed verdict in this jury trial is proper. In my view a motion for directed verdict in such a case is unconstitutional. See State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), and my dissent in State v. Douglas, La., 278 So.2d 485. I therefore concur in the result reached on Bill of Exceptions No. 8, since if the motion for directed verdict had been denied, the identical result would obtain.
NOTES
[1] Since the appeal was lodged in this Court, the minutes have been supplemented to show that defendant waived the delay for sentencing as provided in Art. 873, LSA-C.Cr.P.