HAMITER, Justice.
Theodore E. Boutte, the defendant herein, was charged in two counts of a bill of information with having committed the same number of acts of armed robbery. Charged jointly with him were Johnnie Gibson and Solomon Mahogany.
Prior to the completion of the selection of the jury Gibson and Mahogany pleaded guilty, and the prosecution proceeded against Boutte alone.
Following a trial the defendant was found guilty on one count and acquitted on the other. He was sentenced to serve fifteen years at hard labor in the Louisiana State Penitentiary. He is presently appealing from such conviction and sentence, and he relies on one bill of exceptions to obtain a reversal thereof.
The bill of exceptions urged by defendant was reserved under the following circumstances as set forth in the trial judge’s per curiam. The selection of the jury com *608 menced on July 9, 1968. After nine jurors had been chosen, but not sworn, the case was continued until the next day, the court ordering the nine accepted jurors to return then.
On such following day one of the previously accepted jurors, Troy R. Sandifer, did not appear. Court attaches attempted to locate him, but they were informed that he had left home, that his whereabouts were unknown, and that possibly he would be heard from about two o’clock. The judge discussed the matter with counsel and advised them that, since Sandifer’s appearance was uncertain, he would go ahead with the empaneling of the jury, select four more, and give the defendant an additional peremptory challenge.
The defendant objected to this procedure, insisting that Sandifer be a member of the jury; and he reserved the bill of exceptions involved when the obj ection was overruled. Thereafter the empaneling of the jury proceeded until a jury of twelve was selected. The defendant exercised the extra challenge granted him by the court. (Sometime later, after the jury had been chosen and sworn, Sandifer appeared and satisfactorily explained his absence to the court.)
In presenting the case to this court defense counsel asserts that when the trial judge ordered the jury to be completed without the presence of Sandifer, he granted to both the state and the defense one additional peremptory challenge. He argues that since the number of challenges is fixed by law the court erred in arbitrarily allowing the state or the defendant an additional challenge inasmuch as it amounted to an amendment to the Louisiana Constitution (Article I, Section 10) and Article 799 of the Code of Criminal Procedure; and, further, that the judge was without discretion in dismissing Sandifer in the manner in which he was discharged.
Our examination of the record reveals that it does not support the defendant’s assertion that the court granted an additional peremptory challenge to the state. As shown heretofore, the trial judge in his per curiam states only that he granted an extra challenge to the defendant, and that the defendant exercised the thirteenth challenge.
It is true that the judge makes no specific reference as to whether or not he granted the same privilege to the state. But the omission undoubtedly occurred, because the perfected bill of exceptions contains no recitation of that circumstance.
Moreover, the recorded colloquy between the court and counsel at the time the situation arose contains no reference to the state’s having been allowed an additional challenge; and the objection to the procedure followed by the court was not based on an allegedly illegal challenge given to *610 the state. To the contrary, the objection was entered solely for the reason that “the defense would like to have him (Sandifer) included among the jury panel to hear this case.”
Not only does the record not show that the state was accorded the privilege of an additional challenge, defense counsel on oral argument conceded that the former did not exceed the number of such challenges legally allotted to it.
With regard to the assertedly unauthorized discharge of Sandifer the trial court observed in its per curiam, as follows: “When the juror failed to appear as ordered and his whereabouts were uncertain the court was faced with a problem, whether to delay the selection of the jury indefinitely or proceed to select another in his place. Faced with the crowded condition of the docket and attempting to avoid consuming possibly another day for the purpose of completing the jury and imposing on the other jurors who had been selected, the court decided to proceed to select another juror in the place of the absent juror. This action was taken with no other thought than to expedite the business of the court.
“There appears to be no case exactly in point wherein a juror, having been accepted by both the state and the defense, but not sworn, fails to appear and the court orders another juror to be selected in his stead.
“The law is well settled that a defendant has no right to a trial by any particular jury or juror but has the right only to a trial by a competent and impartial jury. State v. McLean, 30 So.2d 187, 211 La. 413; State v. Ramain, [Ramoin] 107 So. 597, 160 La. [850], State v. Delleo, [Dallao] 175 So. 4, 187 La. 392. Also, it appears well settled in jurisprudence, without citation of authority, that the right of a defendant is not to select but to reject jurors. * * *
« * * * ‡ * *
“ * * * Insofar as the defendant was concerned this juror was a prospective juror since the defense could have peremptorily challenged him after having accepted him until he was sworn as a juror. C.Cr.P. Article 975 [795].” The cases and statutory law cited by the court fully support its observations.
Besides, even conceding that the trial court’s action constituted an illegal discharge of a prospective juror, the situation, we think, would be analogous to one where the trial judge erroneously allows the state a challenge for cause. In that event Article 800 of the Code of Criminal Procedure provides that such ruling affords the defendant no “ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law.” The court’s ruling herein, as we have heretofore shown, did not have that *612 effect. And no prejudice to this defendant, such as his having to accept an obnoxious juror, etc., was either asserted or shown.
For the reasons assigned the conviction and sentence are affirmed.