The convictions and sentences are affirmed, and pursuant to La.C.Cr.P. art. 880, the defendant is given credit for time spent in actual custody.

268 So.2d 231

**STATE of Louisiana**

**v.**

**Clarence DOUGLAS and Robert D. Jackson.**

**No. 50285.**

Oct. 26, 1972.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Lee A. Hart-

ley, Sp. Counsel, Sargent Pitcher, Jr., Dist. Atty., Frank J. Gremillion, Asst. Dist. Atty., for plaintiff-appellee.

Joel B. Dickinson, Baton Rouge, for defendants-appellants.

PER CURIAM.

Defendants, Clarence Douglas and Robert D. Jackson, were convicted of aggravated rape and the death sentences imposed were affirmed by this Court. 256 La. 572, 237 So.2d 382 (1970).

Citing Stewart v. Massachusetts, 408 U.S. 845, 92 S.Ct. 2845, 33 L.Ed.2d 744 (1972), following Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the United States Supreme Court vacated the judgment herein insofar as it left undisturbed the death penalties imposed and remanded this case to this Court for further proceedings. 408 U.S. 937, 92 S.Ct. 2864, 33 L.Ed.2d 756 (1972).

We construe the Mandate of the United States Supreme Court to require the imposition of a sentence other than death. Cf., State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971) and State v. Duplessis, 260 La. 644, 257 So.2d 135 (1971).

Accordingly, in compliance with the Mandate of the United States Supreme Court, the death sentences imposed upon them are annulled and set aside and the case is remanded to the 19th Judicial District Court with instructions to the trial judge to sentence the defendants to life imprisonment.

Case remanded.