270 So.2d 850 (1972)
264 La. 156
STATE of Louisiana
v.
Dave PREECE.
No. 51867.
Supreme Court of Louisiana.
December 11, 1972.
Rehearing Denied January 15, 1973.
*851 Edward J. Villere, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
The defendant was convicted of murder and sentenced to death. He appeals from the conviction and sentence.
Bills of Exceptions Nos. 2, 3, 4, 5, 6, 12, and 14 were reserved during voir dire examination of prospective jurors. The court refused to honor the objection to challenges for cause of these jurors on the basis that they could not sit in a capital case under the holding in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 776 (1968). The United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972), abolished the death penalty as now provided in states imposing capital punishment for certain offenses, and that court has remanded to us numerous cases involving the death penalty to be considered in light of that holding.[1] We have disposed of these remanded cases and one case on appeal[2] in line with our disposition of cases which required reversal of the death sentence under the ruling of Witherspoon but in which the convictions were allowed to stand. See State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971), and State v. Duplessis, 260 La. 644, 257 So.2d 135 (1971). In all cases in which the death penalty had been imposed in violation of the ruling in Furman v. Georgia, supra, we have remanded to the trial court for resentencing to life imprisonment. Since Furman requires us to set aside the death sentence imposed upon appellant here, the Witherspoon issue in the case at hand is moot.
Bill of Exceptions No. 16 was reserved because one of the members of the jury venire was absent when called for voir dire examination and defense counsel was denied a delay in order to locate him. The trial court filled the jury box with other veniremen, and the jury was selected and sworn. Bill of Exceptions No. 18 was reserved to proceeding to trial without production and voir dire examination of the absent venireman. In State v. Boutte, 255 La. 605, 232 So.2d 288 (1970), a juror chosen but not sworn failed to return, and on the following day the incomplete panel was completed in his absence from other veniremen. We held that an accused has no right to a trial by any particular juror or jurors but only the right to trial by a competent and impartial jury. There is no complaint here that the venire offered to the defendant did not afford him a fair and impartial jury, and no prejudice has been shown from the rulings.
Bills of Exceptions Nos. 20 and 21 appear to be frivolous. When an officer was asked whether there was anything in a wallet which was offered to him for examination that was different from the wallet which he saw at the scene of the offense, the defense objected on the ground that the officer had already stated he could not identify anything in the wallet. The court's reply was: "I disagree with you, Mr. Byrne. I overrule the objection." Bill of Exception No. 20 was reserved. From this colloquy, which is made a part of the bill, it is obvious that the court found the officer competent to testify upon the matter before him, and there is nothing attached to the bill to show that this ruling was in error.
*852 To the question "What did you do in order to determine the ownership of the vehicle?" objection was entered that the answer would be hearsay evidence. The objection was overruled, and Bill of Exceptions No. 21 was reserved. The testimony of a police officer of what he did in the investigation of a case is not hearsay.
Bill of Exceptions No. 22 was taken when the State asked: "Were you able to determine the owner of the vehicle?" Defense counsel stated: "To which I object, if the court please." No reason for the objection and no legal basis for its validity were stated at the time of objection or when the bill was reserved. This bill therefore cannot form the basis for review in this court.
Bill of Exceptions No. 24a is based upon a motion for mistrial on the ground that one of the jurors appeared to be dozing off during the trial proceedings. The court found that the juror was not sleeping, and overruled the motion. There is nothing to contradict the court's finding.
Bill of Exceptions No. 26 was taken when counsel for defendant objected that the district attorney was arguing a fact which was not in evidence. The court properly ruled that both the State and the defense may make their own deductions of what the evidence establishes. C.Cr.P. Art. 774. The bill is without merit.
Bills of Exceptions Nos. 23, 24, 25, 26a, and 27 do not afford this court a basis for review. In each instance the defendant merely made an objection without stating at the time or in the bill any reason for the objection or any basis for the bill or without attaching any evidence. Bill No. 26, for example, refers to the fact that a motion for reallotment was heard and overruled. It does not make the motion or any evidence a part of the bill by reference or attachment, nor does it set forth any basis which would make the ruling of the court on the motion erroneous. Moreover, in per curiam the trial judge after stating that defendant alleged no prejudice or bias requiring reallotment concluded that there was in fact no basis for reallotment. Bill of Exceptions No. 27 reads as follows:
"Be it further remembered that on January 22, 1971, Defendant's Motion for a New Trial was heard.
"The Court overruled said motion, and defendant, through counsel, reserved a Bill of Exception."
Attached to the bill are the ruling of the court, the objection, and the reservation of the bill. Neither the motion nor any evidence is attached to or made a part of the formal bill of exceptions. Moreover, the basis for alleging error in the ruling on the motion is not stated. There is nothing for this court to review in any of these bills. See C.Cr.P. Arts. 841, 843, 844.
All other bills of exceptions have been abandoned by the defendant in this appeal.
For the reasons assigned the conviction is affirmed. The sentence is set aside, and the case is remanded to the trial court for sentencing of the defendant to life imprisonment.
NOTES
[1] State v. Williams, 263 La. 284, 268 So. 2d 227; State v. Marks, 263 La. 355, 268 So.2d 253; State v. Singleton, 263 La. 267, 268 So.2d 220; State v. McAllister, 263 La. 296, 268 So.2d 231; State v. Poland, 263 La. 269, 268 So.2d 221; State v. Strong, 263 La. 298, 268 So. 2d 232; State v. Douglas, 263 La. 294, 268 So.2d 231; State v. Square, 263 La. 291, 268 So.2d 229; State v. Sinclair, 263 La. 377, 268 So.2d 514, all decided October 26, 1972.
[2] State v. Franklin, 263 La. 344, 268 So. 2d 249, decided October 26, 1972.