TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to fifteen years at hard labor. Upon his appeal, he relies upon three perfected bills of exceptions, as well as upon an alleged error allegedly patent on the face of the record. We find no reversible merit to these contentions and therefore affirm :
(1) Bill of Exception No. 1: The trial court did not err in denying the defendant’s challenge for cause of the prospective juror Patterson, who was later peremptorily challenged. Despite initial honest answers indicating misunderstanding of the presumption of innocence, by further interrogation the trial court was satisfied that the juror would apply the presumption and accept the law as given him by the court. Tr. 25. We find no abuse of discretion in this ruling. State v. Richmond, La., 284 So.2d 317, 325 (1973) and the decisions thereat cited.
(2) Bill of Exception No. 2: On the showing made, we are unable to hold that the defendant was prejudiced or deprived of any right of a jury panel selected at random from a fair cross-section of the parish. See Rule XXV, Rules of Supreme Court (1974). The complaint is primarily based on the trial court’s exercise of its discretion to excuse prospective veniremen prior to trial, La.C.Cr.P. art 783, and we are unable to find any abuse in this regard. See State v. Witherspoon, 292 So.2d 499 (La.1974) and State v. Stephenson, La., 291 So.2d 767 (1974).
(3) Bill of Exception No. 5: The defendant was not entitled to have the clerk of court testify as to certain public records concerning the rulings in other criminal prosecutions in which a State witness had testified. While direct evidence as to the witness’s allegedly incorrect identifications of other suspects may have been admissible, we are cited to no authority which makes independently relevant or admissible the proceedings themselves of other prosecutions against other defendants, at least without proper foundation (such as of a prior inconsistent statement therein contained).
(4) The defendant also argues an alleged error ascertainable by mere inspection of the pleadings and proceedings and without inspection of the evidence (i.e., patent error), as to which no objection need be made to preserve the matter for appellate review. La.C.Cr.P. art 920(2). The complaint is based upon the trial court’s comment to a witness that he must be “confused”, in an attempt to get clarification of a confusingly inconsistent statement the witness incidentally made in seemingly a slip of the tongue.
No objection was made to the question or to the witness’s clarification at the cime. A failure to object to an allegedly prejudicial comment by the judge during the trial on the merits is deemed to waive the potential error. State v. Neal, 275 So.2d 765 (La.1973). The evidence of such trial, including the judge’s unobjected to comment contained therein, is not part *3 of the record for purposes of finding patent error. State v. Refuge, 300 So.2d 489 (La.1974).

Decree

For the reasons assigned, we affirm the conviction and sentence.
Affirmed.