320 So.2d 175 (1975)
STATE of Louisiana
v.
Oscar Lee BURGY.
No. 56331.
Supreme Court of Louisiana.
October 1, 1975.
Samuel V. Prunty, Jr., Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
After trial by jury, defendant was convicted of burglarizing a Railway Express *176 Agency warehouse in Shreveport, Louisiana, a violation of LSA-R.S. 14:62. The trial judge sentenced him to imprisonment for a term of four years. On appeal to this Court, defendant relies upon one assignment of error for reversal of his conviction and sentence.
The defense alleges in this Court that the trial judge erred in allowing the State to fingerprint the defendant in the presence of the jury, because it was prejudicial and inflammatory.
The background of this complaint is that the police found fingerprints on an opened cardboard box in the warehouse that was burglarized. The manager testified that Railway Express Agency employees were the only persons who normally had access to these boxes and touched them.
When the police attempted to present evidence that the fingerprint found at the scene of the crime was defendant's, the officers had difficulty identifying an alleged genuine fingerprint in police files. The officer whose name appeared on the fingerprint card testified that he could not remember taking defendant's fingerprints. On the request of the State, over defense objection, a fingerprint of defendant was taken in the courtroom and compared by the expert witness. In the testimony, the fingerprints taken at the scene of the crime were identified as those of the defendant.
The defense objection made in the lower court and ruled upon by the trial judge was this:
"Your Honor, I object to it on the grounds that it is self-incriminating; that it would tend to be self-incriminating, rather; that the witness is not required to testify against himself. He is not required to take the stand."
The trial judge correctly overruled this objection. It is well established that the Fifth Amendment restriction against self-incrimination applies only to testimonial evidence. Identifying physical characteristics, such as bodily measurements and fingerprints, are outside the protection afforded by the privilege against self-incrimination. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); State v. Thompson, 256 La. 934, 240 So.2d 712 (1970); State v. Tarrance, 252 La. 396, 211 So.2d 304 (1968).
In this Court, as we have noted, the defendant advances an objection not raised in the lower court, that taking of the fingerprints during the trial in the presence of the jury was prejudicial and inflammatory. Since this objection was not made in the lower court or ruled upon by the trial judge, it cannot be availed of on appeal. See LSA-C.Cr.P. Art. 841; State v. Preece, 264 La. 156, 270 So.2d 850 (1972).
In brief, defendant also raises the issue of the sufficiency of the evidence to convict him of the crime with which he is charged. However, this objection must be raised on a motion for a directed verdict or for a new trial, neither of which were made in the present case. If the objection were properly before the Court, there is some evidence upon which defendant could be convicted. We have repeatedly held that a motion for a directed verdict is proper only when there is no evidence of an essential element of the charged crime. State v. Foret, La., 315 So.2d 278 (1975) State v. Patterson, La., 295 So.2d 792 (1974); State v. Douglas, La., 278 So.2d 485 (1973). Here, there was some evidence of the essential elements of the crime, that something of value was stolen, and some evidence linking the defendant to the crime; the questions of weight to be given the evidence and guilt or innocence are questions for the jury to decide and present nothing for our review.
For the reasons assigned, the conviction and sentence are affirmed.