328 So.2d 889 (1976)
STATE of Louisiana
v.
Nestor SOSA.
No. 57017.
Supreme Court of Louisiana.
February 23, 1976.
*890 Ronald P. Herman, Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Nestor Sosa, with armed robbery in violation of LSA-R.S. 14:64. After the jury returned a verdict of guilty as charged, the trial judge sentenced him to ninety-nine years imprisonment. Upon appeal to this Court, defendant relies upon five assignments of error. Finding merit in none of them, we affirm his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in denying his motion for a continuance and his motion for a change of venue.
The record includes a motion for a continuance filed by defendant on May 10,
*891 1974 (three days before trial). Of the three grounds for this motion argued at trial and on appeal, only one was included in the written motion, i. e., that the defendant would be prejudiced because of recent publicity in the Times-Picayune newspaper concerning his involvement in an escape attempt. Under Article 707 of the Louisiana Code of Criminal Procedure, the other arguments advanced by the defendant at trial and on appeal which were not in his written motion present nothing for our review. See, e. g., State v. Hubbard, La., 279 So.2d 177 (1973); State v. Tennant, 262 La. 941, 265 So.2d 230 (1972); State v. Callihan, 257 La. 298, 242 So.2d 521 (1970).
With regard to the newspaper article portraying the defendant in an escape attempt, there was no showing that a continuance would eliminate public prejudice, if any in fact existed as a result of the news article. The granting or refusing of a motion for a continuance rests in the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent an abuse of discretion. See, e. g., State v. Williams, 262 La. 317, 263 So.2d 306 (1972); State v. Richardson, 258 La. 62, 245 So.2d 357 (1971). We find no abuse of discretion in the trial judge's ruling.
The motion for a change of venue was made orally the day of the trial. Defense counsel failed to comply with the requirements of Article 621 of the Louisiana Code of Criminal Procedure which sets forth the following procedure for filing such motions:
"An application for a change of venue may be made by either the state or the defendant. It must be made at least five days prior to the date then fixed for commencement of trial; or thereafter, in the discretion of the court, any time before the first witness is sworn at the trial on the merits. The application shall be in writing, sworn to by the applicant or his counsel, and shall contain:
"(1) Allegations of fact upon which the application is based; and
"(2) A statement that the application is not made for the purpose of delay, but to obtain a fair and impartial trial.

"* * * * * *."
This article specifically superseded prior law under which an application for change of venue could be made either orally or in writing. State v. Peterson, 2 La.Ann. 921 (1847). The failure of the defendant to conform with the required procedure in applying for change of venue precludes our review of his complaint on appeal.
We find no merit to either of these arguments.

ASSIGNMENT OF ERROR NO. 2
This assignment of error addresses itself to the following remark made by the prosecuting attorney during his opening statement:
". . . He forced Mr. Murphy Majoria to lie behind the counter and at this time Mr. Majoria noticed that the Defendant's eyes were not upon him and God knows this time and age the man had a pistol on him. Murphy Majoria had a forty-five automatic and he pulled the gun out."
Defense counsel moved for a mistrial, arguing that the comment of "this time and age" was very prejudicial. The trial judge overruled the motion, but admonished the jury as follows:
". . . Gentlemen, you are to disregard completely that portion of the remark made by the District Attorney. It is not evidence in this case and you are to disregard it."
The comment by the prosecutor is not among those prejudicial remarks delineated *892 in Article 770 of the Louisiana Code of Criminal Procedure for which a mistrial is mandatory. Rather, we hold that Article 771 governs this comment, and the admonition of the trial judge was sufficient to cure any prejudice and to assure the defendant of a fair trial.

ASSIGNMENT OF ERROR NO. 3
Defense counsel objected to the introduction into evidence of a pair of pants identified by Officer Denoux as belonging to the defendant; however, he cited no reasons for the objection at that time. In brief, he states that the ground for the objection is that no connexity had been established between the pants and the defendant. However, it is well settled that counsel must state the basis for his objection when he makes it, pointing out the specific error which the trial court is allegedly making so that the trial judge has an opportunity to rule upon it. An assignment of error reserved to a trial court ruling where no basis for objection has been stated presents nothing for this Court's review. LSA-C.Cr.P. Art. 841; State v. Burgy, La., 320 So.2d 175 (1975); State v. Preece, La., 270 So.2d 850 (1972); State v. Andrus, 250 La. 765, 199 So.2d 867 (1967).

ASSIGNMENT OF ERROR NO. 4
Defendant complains that "the State, in its opening statement, closing argument and rebuttal closing, was allowed by the trial court excessive leeway including comment that the State had never found a more perfect case, all to the extreme prejudice of the defendant." We have carefully reviewed the State's opening statement, closing argument, and rebuttal and find no support for defendant's complaint. Moreover, defense counsel failed to object contemporaneously to the State's opening argument or rebuttal, thus precluding our review of them at this time. LSA-C.Cr.P. Art. 841 and cases cited in Assignment of Error No. 3, supra. The only objection raised during the State's closing argument was defense counsel's objection to the prosecutor's arguing of the law; and the trial judge properly ruled that the objection was unwarranted. LSA-C.Cr.P. Art. 774.
Significantly, it was defense counsel who first mentioned in his own closing argument that the prosecutor had never seen a more perfect case; the prosecutor merely reiterated this remark on rebuttal. The assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
In this assignment of error, the issue is whether the clerk of court used the proper procedure in polling the jury. Upon being directed by the court to poll the jury, the clerk announced, "Gentlemen, as I call your name answer if the verdict is yours by answering yes or no. . . ." He then called each name individually and each juror responded affirmatively.
Defendant asserts that this procedure did not conform with Article 812 of the Louisiana Code of Criminal Procedure which provides that the clerk "shall announce to each juror the verdict returned, and ask him, "Is this your verdict?" However, defendant made no objection at trial to the manner in which the jury was polled, raising the matter for the first time on appeal. He cannot now avail of this assignment of error. LSA-C.Cr.P. Art. 841; State v. Burgy, supra; State v. Preece, supra.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., assigns additional concurring reasons.
TATE, Justice (concurring).
*893 The majority refuses to pass upon the merits of a motion for a change of venue because the motion is not in writing, as required by La.C.Cr.P. art. 321. The state did not object to the accused's raising the issue by oral motion (rather than by first requesting a recess in order to confect a written pleading asserting the grounds, most of them just then discovered).
I would prefer to rest our ruling upon the merits: The showing made did not justify a change of venue. The trial court did not err in refusing it.