MOORE, J.
| Richard Weyman Maffett appeals his conviction and sentence arising from á no contest plea to driving while intoxicated, fourth or subsequent offense, La. R.S. 14:98 E. We affirm.

Factual and Procedural Background

The Shreveport Police Department received a service call on the evening of July 5, 2011, that a car had struck a utility pole several times on Sprague Street near Lawrence Street just west of downtown. Officer Nations arrived at the scene and could smell alcohol on the driver, Maffett. After receiving his Miranda rights, Maffett admitted driving the car and having drunk two cans of Miller Lite. Officer Nations took him to the police station, where Maf-fett’s Intoxilyzer reading was 0.169g%. Corporal Hicks arrested him for DWI, fifth offense.
At an initial appearance on July 8, the district court appointed the indigent defender’s office, which filed a motion for discovery. On September 1, the state charged Maffett by bill of information with DWI, fourth or subsequent offense, citing prior DWI convictions arising from guilty pleas to DWI in August 2007, December 2004 and September 2001. The state also provided, in response to discovery, copies of the arrest report and officer’s narrative, Maffett’s rap sheet and records proving *140 the three prior DWI convictions.[1]
At arraignment on September 8, the court set trial for November 14. Maffett told the court that he was not indigent but was unable to access money in a safe deposit box; he retained counsel in Livingston Parish who 12had to file a civil suit to get these funds. Counsel formally enrolled on November 9 and obtained a continuance of trial until December 5. Counsel also filed additional discovery motions; in response, the state revealed that it had a video recording of the arrest and an audiotape of the 911 call. The state provided a copy of the video but not the 911 tape; counsel filed a subpoena duces tecum to obtain this.
On the date set for trial, December 5, counsel advised the court that he had still not received the 911 tape. The court issued an instanter order allowing counsel to review the recording, but set trial for the next day, December 6. Counsel argued that the 911 tape revealed the name of the person who made the call, a fact not previously disclosed to the defense.
Before trial on December 6, counsel filed a motion to suppress Maffett’s post-Miranda confession on grounds that (1) the police report stated that Maffett admitted driving a vehicle, (2) his confession and ability to confess were disputed, and the video of the arrest and booking gave rise to a factual dispute that should be addressed at a hearing, and (3) he had retained an expert court reporter to transcribe the video and prepare a presentation in the interest of judicial economy “and to improve the accuracy of presentation to the court and/or jury.”

Action in the Trial Court

On the date of trial, December 6, counsel argued the motion to suppress, adding that the tape showed that no Miranda warnings were ever given. The court denied the motion, but stated that precisely the same issue would be addressed in the free-and-voluntary hearing. Counsel also moved for continuance, arguing that he could not get witnesses and prepare a | ^defense until he analyzed the 911 tape, which he received only the day before and would require several hours to transcribe. The court denied the continuance but stated it would reconsider on a new showing. The court then called a recess, during which counsel listened to the 911 tape.
After the recess, the state announced that the parties had reached an agreement whereby Maffett would plead no contest to DWI, fourth offense, in exchange for a sentence of 10 years, all but two years suspended, and probation. The court advised Maffett of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Maffett agreed that even though he maintained his innocence, there was considerable evidence against him, and weighing the advantages and disadvantages he had decided it was in his best interest to take the plea. The state then recited the factual basis for the plea; Maffett again denied those facts but confirmed the no contest plea.
The court found that the plea was free and voluntary, and that Maffett understood the nature of the proceedings against him. The court accepted the plea and imposed the agreed sentence of 10 years at hard labor, all but two years *141 suspended, and five years’ probation with special conditions.
After sentence was pronounced, counsel stated that Maffett wished to “preserve all rights for anything after he reads the transcript.” The state did not object.
Maffett has appealed, raising two assignments of error.

Discussion: Motion to Continue

By his first assignment, Maffett urges the court erred in denying the motion to suppress and motion to continue when the state failed to produce | information requested by the defense in a timely manner. He argues that the video of the arrest created an issue of fact as to whether Maffett was even driving the car when it crashed into the pole, and the 911 tape contained the name of a witness unknown to the defense or the state until the date of trial. He shows that under La. C. Cr. P. art. 729.5, when a party fails to comply with discovery, the court may grant a continuance or prohibit the party from introducing into evidence the subject matter not disclosed; he also shows that the state did not object to a continuance. He concludes that the court abused its discretion in denying these motions.
The state responds that the trial court has great discretion in granting or denying a continuance, and its ruling will not be disturbed absent a showing of arbitrariness or abuse. State v. Sosa, 328 So.2d 889 (La.1976). The court had already granted one continuance and said that it would grant another “if there’s some other ground that comes up”; however, after listening to the 911 tape, Maffett obviously heard nothing to support reasserting the motion. The state suggests there was no abuse of discretion.[2]
Ordinarily, a motion for continuance “shall be filed at least seven days prior to the commencement of trial.” La. C. Cr. P. art. 707. However, upon written motion “at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the best interest of justice.” Id. The decision to grant or deny a motion for continuance rests within the sound discretion of the trial court, and a reviewing court will not disturb a trial court’s determination absent a clear Mabuse of discretion. La. C. Cr. P. art. 712; State v. Harris, 2001-2730 (La.1/19/05), 892 So.2d 1238, cert. denied, 546 U.S. 848, 126 S.Ct. 102, 163 L.Ed.2d 116 (2005). Even when an abuse of discretion is shown, the supreme court typically declines to reverse a conviction based on denial of a continuance absent a showing of specific prejudice. State v. Harris, supra; State v. Hill, 46,-050 (La.App. 2 Cir. 4/20/11), 64 So.2d 801, writ denied, 2011-1078 (La.11/14/11), 75 So.3d 940.
La. C. Cr. P. art. 729.5 provides, in pertinent part:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter [discovery and inspection] or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
*142 On close examination, we find no abuse of the district court’s great discretion. The court granted one motion to continue, noting that counsel had not enrolled until days before the first trial setting. When it came to the court’s attention on December 6 that the state had still not provided the 911 tape to defense counsel, the court issued an instanter order, with which the state complied, and called a recess during which counsel could listen to the tape. Both these options were reasonable under Art. 729.5. The court also stated that it would reconsider the continuance if new grounds were raised, but after hearing the tape counsel did not reassert the motion.
Counsel argued that the 911 tape disclosed the name of the 911 caller, but has not shown how the belated disclosure of this information prejudiced his defense, especially in light of the arrest video and other evidence. We 1 ñfind no specific prejudice. State v. Harris, supra; State v. Hill, supra. The district court could reasonably find that after viewing the belatedly disclosed evidence, Maffett and his counsel decided there was nothing therein that would support the motion to continue or the motion to suppress. We perceive no abuse of the court’s discretion. La. C. Cr. P. art. 712. This assignment lacks merit.

Validity of Plea

By his second assignment, Maffett urges the court erred in accepting his no contest plea. He contends that the Boykin colloquy proves that the plea was the result of the court’s wrongful denial of the motion to suppress, and hence was not knowing and voluntary. He shows that he advised the court that he did not agree with the factual basis provided by the state, but argues that the court failed to inquire into his understanding of the knowing and intelligent waiver of his rights, such as asking his “age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge.” State v. Strain, 585 So.2d 540 (La.1991). He concludes that this warrants vacating the plea and remanding the case for further proceedings.
The state responds that the court fully complied with the statutory requirements for accepting a no contest plea, La. C. Cr. P. art. 556.1, and did not abuse its discretion in finding the plea knowing and voluntary.
La. C. Cr. P. art. 556.1 provides, in pertinent part:
A. In a felony case, the court shall not accept a plea of guilty or nolo con-tendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
|7(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
[[Image here]]
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In a felony case, the court shall not accept a plea of guilty or nolo con- *143 tendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.
[[Image here]]
E. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.
The supreme court has held that State v. Strain, supra, did not establish inflexible criteria or “a magic word formula” for determining the voluntariness of a waiver. State v. Simmons, 2005-1462 (La.3/17/06), 924 So.2d 187; State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843. This is because the trial court is in the position to assess the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the guilty plea. State v. Simmons, supra.
This record shows full compliance with Art. 556.1. The district court set forth the plea agreement, including the mandatory minimum sentence, which the parties agreed would be the sentence imposed; asked whether he |Rhad any confusion about what was happening or had been offered anything outside the plea agreement; whether he had been forced or threatened in any way; and advised him of his right to counsel, right to trial by jury, right to confront and cross-examine the witnesses against him, and right against self-incrimination. Admittedly, the court did not perform an intricate inquiry into Maffett’s age, education, and the other Strain factors. However, this was Maf-fett’s fourth time to plead guilty to DWI in Caddo Parish in the last 10 years, each time with the assistance of counsel; he cannot credibly argue that he failed to grasp the nature of the offense or the proceedings against him. We find no denial of his substantial rights. La. C. Cr. P. art. 556.1 E. We also find that the denial of his motions to continue and to suppress were not an abuse of the court’s discretion and thus did not amount to “force or threats or * * * promises” that would make the plea involuntary. La. C. Cr. P. art. 556.1 B. This assignment lacks merit.

Conclusion

We have reviewed the entire record and found nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For the reasons expressed, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
BROWN, Chief Judge, concurs and assigns written reasons.

. According to the rap sheet, Maffett also had DWI convictions arising from guilty pleas in August 1982, January 1996 and January 2005.

. The state also suggests that Maffett did not fully comply with State v. Crosby, 338 So.2d 584 (La.1976), in that his reservation of rights "was inarguably vague and nonspecific,” but in the interest of judicial economy addresses both assignments as though properly reserved.