106 So.2d 689

STATE of Louisiana

v.

Druey Edward YOUNGBLOOD and Jess Wayne Jeffries, Jr.

No. 43996.

Nov. 10, 1958.

Rehearing Denied Dec. 15, 1958.

Harry V. Booth, L. L. Lockard, Well-born Jack, Shreveport, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Edwin L. Blewer, Dist. Atty., John A. Richardson, Asst. City Atty., Shreveport, for plaintiff-appellee.

HAWTHORNE, Justice.

Phelbert Willis Powers, Druey Edward Youngblood, and Jess Wayne Jeffries, Jr., were charged with murder in a bill of indictment which sets out that they "murdered Clyde Cathey in that having a *specific intent* to inflict great bodily harm, they did kill the said Clyde Cathey, a human being, by shooting the said Clyde Cathey with a bullet from a firearm, thereby inflicting injuries upon Clyde Cathey which caused his death upon May 12, 1957". (Italics ours.) All three defendants were tried under this indictment, and each was found guilty without capital punishment and sentenced to the state penitentiary for the balance of his natural life. Only two of the defendants, Youngblood and Jeffries, have appealed.

During the course of the trial several bills of exception were reserved, but we think it necessary that we consider only one of these bills since in our opinion it has merit and entitles the two appellants to a new trial. This is Bill of Exception No. 18.

After the charge to the jury, which was in writing, had been delivered to the jury but before that body had retired to deliberate, defendants excepted to the following charge of the court:

"I charge you further that voluntary intoxication is no defense under the law for having committed a crime while so intoxicated."

The defendants objected to the charge as not going far enough and requested the court to modify its charge as follows:

"However, partial or total intoxication may be considered by you in weighing the behavior and conduct of the defendants as you may find were not guilty of actually triggering the weapon that killed Clyde Cathey, insofar as such behavior or conduct may bear on whether or not they were aiders, abetters, counsellors or procurers."

The trial judge refused defendants' request, and Bill of Exception No. 18 was reserved.

In his per curiam to this bill the trial judge gives a résumé of the basic facts of the case. For our consideration of this bill it is necessary only to state that the three defendants had an altercation at a bar with the deceased and his party; that shortly afterwards the three accused in a car (with Jeffries driving, Powers on the far side of the front seat, and Youngblood in the middle) passed the automobile occupied by the deceased Cathey and others; that as defendants' car was passing, a hand with a pistol was extended from it, and a shot was fired which killed Cathey. The evidence is conflicting as to which one of the defendants fired the fatal shot. Powers, who has not appealed, claimed that it was Youngblood, and Youngblood and those in the group with the deceased indicated that it was Powers.

There was evidence in this case that these three defendants had been drinking intoxicating beverages, and there was evidence also that all three of them were in some degree of intoxication. This is no doubt the reason why the judge gave a charge relative to intoxication, for otherwise no such charge would have been necessary.

Article 385 of the Code of Criminal Procedure provides that the judge shall charge the jury on the law applicable to the case, and shall charge the jury that it is their duty to accept and apply the law as laid down for them by the judge. Under this article of the Code the judge is required to cover every phase of the case supported by evidence whether or not accepted by him as true. Moreover, although a judge in a criminal case is not required to charge on an issue not presented on the evidence, he should give such instructions as are pertinent to the evidence. See State v. Robichaux, 165 La. 497, 115 So. 728; State v. Short, 120 La. 187, 45 So. 98.

Article 15 of our Criminal Code provides that the fact of an intoxicated condition of the offender at the time of the commission of the crime is immaterial *except* as follows: "(2) Where the circumstances indicate that an intoxicated * * * condition has precluded the presence of a *specific criminal intent* or of special knowledge required in a particular crime, this

fact constitutes a defense to a prosecution for that crime." (Italics ours.)·

These appellants were charged with the crime of murder under paragraph 1 of Article 30 of the Criminal Code, which provides that murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. In other words, the crime here charged is one which requires the presence of a specific criminal intent. Therefore, under Article 15, subsection 2, of the Criminal Code, intoxication to an extent that precluded the presence of the specific intent required in this particular crime would constitute a defense to a prosecution for that crime. The question of whether the circumstances in the instant case indicated that appellants were in such an intoxicated condition as to preclude the presence of the specific criminal intent to inflict great bodily harm was a question of fact for the jury; and if the jury found that they were, this constituted a defense to a prosecution for the crime charged.

When the trial judge in this case charged the jury that voluntary intoxication was no defense under the law for having committed a crime while so intoxicated but failed to charge also the exception recognized in Article 15, subsection 2, of the Criminal Code, he denied to these appellants the right to have the jury pass on the factual question of whether they were in such

an intoxicated condition as·to preclude the presence of a specific criminal intent, and committed prejudicial and reversible error.

The State contends that this bill of exception should not be considered by us because it is not a legally reserved bill of exception. The State argues that the defendants did not object to the general charge as being legally incorrect but merely requested a modification of the general charge, and that such a request constituted a request for the giving of a special charge which the court correctly refused to give for the reason that a request for a special charge must be in writing and submitted to the court before argument pursuant to the provisions of Article 390 of the Code of Criminal Procedure.

If we should consider the matter solely as a request for a modification of the general charge or a request for a special charge, the modification sought was properly refused by the trial judge because as worded it was not a wholly correct statement of the law.

Regardless of whether defendants' request was one for modification of the general charge or one for a special charge, the fact remains that the bill as reserved and perfected shows that objection was made to the charge given as "not going far enough", and this objection is properly before this court. As we have pointed out above, it was a valid objection and certainly

called the attention of the trial judge to the fact that his charge did not give all of the pertinent law relative to intoxication, especially the exception which stipulates the circumstances under which intoxication may constitute a defense.

The convictions and sentences of appellants Druey Edward Youngblood and Jess Wayne Jeffries, Jr., are reversed and set aside, and appellants are granted a new trial.