181 So.2d 753

**STATE of Louisiana**

**v.**

**George Peter PHILLIPS.**

**No. 47932.**

Jan. 17, 1966.

Elmer R. Tapper, Melvyn J. Perez, Arabi, for defendant and appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Jr,., Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for appellee.

FOURNET, Chief Justice.

The defendant, George Peter Phillips, having been convicted under a bill of information charging him with "aggravated burglary of the inhabited dwelling owned by Fred Fandal, Sr." and sentenced to 10 years at hard labor, prosecutes this appeal, relying for the reversal thereof upon certain errors allegedly committed during the trial of the case to which timely objections were made and bills of exception reserved.

The first bill of exception [1] was reserved when the trial judge declined the special charge tendered by defense counsel touching upon the evaluation to be given by the jury of testimony to prove the identity of the defendant as the assailant. Although the trial judge approved this bill of exception as having been properly reserved, he did not attach any per curiam. However, the record shows, as reflected in the bills of exception and the minutes of the court, that when the counsel first tendered such request for the special charge the trial judge suggested counsel wait until he had given the general charge, in which he thought the matter would be covered; and upon completion thereof declared his " * * reaction to the request for the special charges are that they are amply covered in the general charge I gave," whereupon counsel reserved the bill.

1. The second bill of exception was reserved to the trial judge's denial of defendant's motion for a new trial which was based

Counsel for defendant, in urging the seriousness of this bill of exception, contends defendant was convicted primarily on identification by the prosecuting witness and circumstantial evidence—such as foot prints, burglary tools, men's caps, and hair—none of which was identified as connected with or being owned by him; hence, the trial judge, in refusing to grant the requested charge, and in failing to cover the subject of identification in his general charge, committed reversible error.

The charge to the jury must cover every phase of the case supported by the evidence, whether accepted as true or not by the trial judge. State v. Robichaux, 165 La. 497 at page 507; 115 So. 728 at page 731, citing State v. Tucker, 38 La.Ann. 789; State v. Irvine, 126 La. 434, 52 So. 567; State v. Atkins, 136 La. 844, 67 So. 926. To the same effect see State v. Youngblood, 235 La. 1087, 106 So.2d 689. And " * * * When from the evidence the jury might reach a conclusion of fact favorable to accused, the judge should not limit his charge, if requested, on a theory favorable to accused;" as "It is his duty to charge upon every phase of the case made by the evidence, and where evidence is offered to prove a certain state of facts, and it is claimed that they are proved, he should, if requested, charge what the law is as

primarily on the error allegedly committed in the ruling forming bill of exception number 1.

applicable to the facts claimed to be proved, whether he believes or attaches any importance to this evidence or not, since it belongs to the jury alone to determine the weight and credibility of the evidence. * * *" Marr's Criminal Jurisprudence of La., Vol. 2, pp. 1031, 1028. Conceding therefore, without deciding, that counsel for the State are correct in their contention that the requested charge as drawn was not wholly correct and would require some modification, we think such a charge should have been included in the general charge since it was within the exclusive province of the jury to determine if the defendant was, in fact, the person who committed the crime, a most important phase of the case in view of the fact that the prime defense was mistaken identity. The judge's failure to charge the jury on evaluating such evidence clearly constitutes reversible error. State v. Hills, 241 La. 345, 129 So.2d 12. In the case under consideration, a perusal of the general charge discloses the matter of identification was not covered, or even referred to by the trial judge although it was his mandatory duty to give the law on this subject in his charge.

█ The last bill of exception, reserved to the trial judge's overruling of the motion in arrest of judgment, is clearly without merit, as it is based upon the allegation that the bill of information under which the defendant was convicted is fatally defective because it was not drawn in strict compliance with the short form as provided in the Code of Criminal Procedure inasmuch as the word "inhabited" is included therein immediately preceding the word "dwelling". The fact that this word was used did not vitiate the bill for it must be treated as surplusage. State v. Iseringhausen, 204 La. 593, 16 So.2d 65; State v. Scott, 223 La. 769, 66 So.2d 802; State v. O'Brien, 226 La. 807, 77 So.2d 402.

For the reasons assigned the conviction and sentence are annulled and set aside and the case is remanded to the lower court for a new trial.

HAWTHORNE, SANDERS and SUMMERS, JJ., dissent with written reasons.

HAWTHORNE, Justice (dissenting).

The conviction and sentence in this case are being annulled and set aside for the reason that the trial judge in the general charge did not charge the law on the subject of identification. Defendant made no objection to the general charge and did not reserve and perfect bills of exception, and therefore under the plain provisions of R.S. 15:391 the correctness of the general charge is not properly before this court on appeal. This statute states: "Every objection to the charge given * * shall be my means of a bills of exceptions reserved before the jury shall have retired to deliberate upon their verdict, and the bill of exceptions shall be accompanied by

such a statement of facts as shall show the error in the charge given * * *."

Defendant did reserve a bill to the trial judge's refusal to give a special charge on the subject of identification, which was properly refused by the judge under R.S. 15:390 because it was not wholly correct and required explanation; but under the law this bill cannot be considered as embodying an objection to the general charge, in the absence of a bill of exception taken to that charge.

SANDERS, Justice (dissenting).

Defendant reserved the disputed bill of exception, not to the general charge, but to the trial judge's refusal of a lengthy special charge on identification requested by defendant.

LSA–R.S. 15:390 defines the judge's duty to give requested charges as follows:

"The prosecution and the defense have each the right to present to the court, before the argument has begun, any written charge or charges, and request that the same be given. Except as otherwise provided herein, the judge must give every such requested charge that is *wholly correct and wholly pertinent,* unless the matter contained in such charge have been already given, or unless such charge require qualification, limitation or explanation." (Emphasis mine)

The special charge is not "wholly correct." As phrased, it would cast serious doubt on the reliability of *any* eye-witness identification. Although considerable evidence other than eye-witness identification connects defendant with the crime, the special charge concludes:

"If the jury finds that the witness was honestly mistaken in his identification of the defendant, then a reasonable doubt is created as to the guilt of the defendant and he must be acquitted."

Since the requested charge was not wholly correct and would have required modification, the trial judge properly refused to give it. LSA–R.S. 15:390; State v. Clark, 231 La. 807, 93 So.2d 13; State v. Labat, 226 La. 201, 75 So.2d 333.

For the reasons assigned, I respectfully dissent.

SUMMERS, Justice (dissenting).

My objection to the majority opinion is essentially the same as that contained in the other dissents filed herein. This court should not consider on appeal what is claimed to be an omission in the general charge, unless an objection has been made to the general charge setting forth wherein it is deficient and the trial court has been given an opportunity to rule thereon. A bill of exceptions must then be reserved to the trial court ruling to permit this court to rule on the sufficiency of the charge. R.S.

15:391. None of these requirements were satisfied and this court is in error when it ventures beyond the law to grant relief to this accused.

I respectfully dissent.