306 So.2d 683 (1975)
STATE of Louisiana
v.
John Westley LENTZ.
No. 55054.
Supreme Court of Louisiana.
January 20, 1975.
Cleveland J. Marcel, Jr., Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
The defendant, John Westley Lentz, was charged by bill of information with simple burglary in violation of La.R.S. 14:62. The jury found him guilty as charged and the judge sentenced him to five and one-half years imprisonment at hard labor. Seven bills of exceptions were reserved, but only one is briefed and argued; we therefore consider the others abandoned. State v. Richmond, 284 So.2d 317 (La. 1973); State v. Edwards, 261 La. 1014, 261 *684 So.2d 649 (1972). It is our opinion that the trial court committed reversible error.
Bill of Exceptions No. 6 was reserved during the trial when the court refused a special written jury charge concerning the defense of intoxication. The requested charge read as follows:

"SPECIAL CHARGE ON BEHALF OF DEFENDANT
Intoxication
"Intoxication or drunkenness is no excuse for crime, except as follows:
(1) Where the production of the intoxicated or drugged condition has been involuntary, and the circumstances indicate this condition is the direct cause of the commission of the crime, the offender is exempt from criminal responsibility.
(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
Gentlemen of the Jury, the general rule of law is that voluntary intoxication or drunkenness does not exempt a man from criminal responsibility for his acts. A drunken man is as fully responsible for his acts as a sober man, though he may have been so drunk as to be temporarily deprived of his reason and rendered incapable of knowing what he was doing, unless the fact of drunkenness negates the existence of a specific intent or knowledge which is an essential ingredient of the particular offense charged.
Proof of drunkenness, though voluntary, is admissible, and may constitute a defense, when the accused is charged with an offense of which some specific intent is an essential element. As the offense cannot be committed without such an intent, if the fact of drunkenness negates its existence as where it appears that the accused was so drunk that he could not have entertained such an intent, it necessarily constitutes a complete defense.
Voluntary drunkenness is no defense, even when a specific intent or a guilty knowledge is an essential element of the crime charged, unless the accused was so drunk as to be mentally incapable of entertaining the requisite intent, or of possessing the requisite knowledge. It is only material when it negates the existence of such intent or knowledge.
If the mind still acts, it is reasoning and discriminating faculty remains, a state of partial intoxication affords no ground of a favorable presumption in favor of an honest or innocent intention in cases where a dishonest and criminal intention would be fairly interred from the commission of the same act when sober. The simple question is, did the accused know what he was about?
Voluntary intoxication is no defense to the commission of an offense, but, it is admissible as evidence, and should be considered by the jury to determine:
(1) Whether at the time of the commission of the act the accused was physically capable of the act with the commission of which he is charged.
(2) To determine the intent of the accused in the commission of the act charged, in those cases where a specific intent is necessary; thus, in assault with intent to commit murder, the fact of intoxication may be shown, as tending to disprove the specific intent to murder, although it will not excuse the assault, in the commission of which no specific intent is necessary.
LSA-R.S. 14:15 State v. Youngblood [235 La. 1087] 106 So.2d 689."
The trial judge also denied a motion for a new trial grounded upon the court's refusal to allow the special charge. The trial *685 judge refused to give the charge for two reasons: first, he considered it incomplete because it contained no language to the effect that if the defendant had formed the intent prior to the time he became intoxicated, his intoxicated condition was of no consequence; secondly, the judge did not believe that there was enough evidence before the jury to suggest a drugged state of mind.
The requirements for a special jury charge are specified in La.C.Cr.P. art. 807, which provides:
"The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given." (emphasis here and elsewhere supplied.)
The first two paragraphs of the requested special charge are taken verbatim from the statute that sets out the circumstances under which intoxication can be a defense, i. e., La.R.S. 14:15.[*] The remaining paragraphs of the requested charge properly explain the meaning of the statute. The requested charge contains language about "drunkenness", while preferable language in this case probably would have been "drugged condition"; however, we do not feel that this semantics problem is so significant as to place the charge beyond the perimeters of La.C.Cr.P. art. 807, i. e., that the charge not require qualification, limitation, or explanation and that it be wholly correct and pertinent. In this case, had the charge been given, and the defense objected, we certainly would not have found it a reversible misstatement of the law. We cannot construe a Code article so hypertechnically that a special charge stated in the precise terms of the statutory defense of intoxication and in the terms of the jurisprudential amplification thereof could still be held insufficient under the language of that article. Moreover, the words "drunk" and "intoxicated" are used interchangeably in the special charge; this should be sufficient to avoid confusing the jury since "intoxication" can result from use of either alcoholic beverages or of drugs.
The trial judge's refusal to give the special charge on the grounds that it was incomplete for failure to state that intoxication was of no consequence if the defendant formed the intent prior to becoming intoxicated was an erroneous conclusion. The simple burglary statute, La.R.S. 14:62, provides:
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, * * *."

In State v. Lewis, 288 So.2d 348 (La.1974), this Court held that the intent required by La.R.S. 14:62 is "specific criminal intent." Therefore, under La.R.S. 14:15(2), supra, a drugged condition sufficient to preclude the specific intent which is an element of simple burglary would be a defense to the *686 crime. The specific legal question is not when the requisite specific intent was formed, but rather whether, at the time the unauthorized entry occurred, the defendant was so intoxicated as to preclude the existence of any specific intent on his part to commit a theft or felony therein. This can best be illustrated by example. At an early point in an evening A may have the specific intent to break into B's house and steal some of B's belongings. Throughout the course of the evening A drinks continuously. Late the same night A stumbles into B's house, thinking it is his own, and goes to sleep on the couch. Both the requisite specific intent and the unauthorized entering existed, but not at the same time. Therefore, in the example given, intoxication is a valid defense to a charge of simple burglary. Although the State could have objected and requested further clarification, it is our opinion that the requested special charge sufficiently covers this issue, especially where it explains:
"* * * Voluntary drunkenness is no defense ... unless the accused was so drunk as to be mentally incapable of entertaining the requisite intent, or of possessing the requisite knowledge. It is only material when it negates the existence of such intent or knowledge. * * *"
La.C.Cr.P. art. 807 provides an exception to its mandate that a special charge be given where it states that the charge need not be given "if it is included in the general charge or in another special charge to be given." We have reviewed the general charge given the jury by the trial judge to ascertain whether it included the information sought in the special charge. We find that the general charge contained no reference whatsoever to the defense of intoxication, in spite of the facts that the record is replete with evidence about the defendant's use of drugs and his drugged condition on the date of the alleged burglary and that intoxication appears to be the only defense that is developed in the testimony.
In the course of our review of the general charge for the purposes of determining compliance with Article 807, we note that it also constitutes a violation of La.C.Cr.P. art. 802, which provides in pertinent part:
"The court shall charge the jury:
(1) As to the law applicable to the case; * * *"
Article 802 has been jurisprudentially construed to mean that the judge must include in his jury charge every phase of the case that is supported by the evidence, whether or not accepted as true by the judge. See State v. Phillips, 248 La. 703, 181 So.2d 753 (1966) and cases cited therein. The judge must give such instructions as are pertinent to the evidence. State v. Youngblood, 235 La. 1087, 106 So.2d 689 (1958). In Youngblood, this Court also held that the question of whether the circumstances in a case indicated intoxication to the extent that specific criminal intent would be precluded is a question of fact for the jury. The omission of a charge relative to the evidence presented on intoxication of this defendant was therefore error on the part of the trial judge. It was incumbent upon him to include in his general charge the law applicable to intoxication as a defense, whether or not the defendant sought such a charge by means of submitting a special charge, and failure on his part to do so constituted reversible error. The trial judge compounded his error by charging that only general intent is required for the crime of simple burglary.
Affirming the trial judge's refusal to give the special charge would result in effectively emasculating the mandatory language of La.C.Cr.P. art. 807, rendering that article's provisions into a vesting of discretionary power in the trial judge instead. This we cannot do. We therefore hold that the trial judge committed reversible error in refusing to give the special charge as requested. This error was not cured, but rather was compounded by the judge's general charge.
*687 For the reasons assigned, the conviction and sentence are reversed and the case is remanded for a new trial consistent with the views expressed herein.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents for reasons assigned by SANDERS, C. J.
SANDERS, Chief Justice (dissenting).
For the giving of a requested special charge to be mandatory, Article 807 of the Louisiana Code of Criminal Procedure requires that it be "wholly correct and pertinent." The instruction must be supported by the evidence, for the trial court is not required to instruct the jury on abstract principles of law. See State v. Fox, 251 La. 464, 205 So.2d 42 (1967); State v. Johnson, 250 La. 85, 193 So.2d 794 (1966).
A portion of the requested charge deals with involuntary intoxication. There is no evidence in the record that defendant was the subject of involuntary intoxication.
A portion of the charge deals with drunkenness, or alcoholic intoxication. I find no evidence relating to alcoholic intoxication.
There is some evidence that the defendant used drugs or narcotics. However, as noted by the trial judge, the instruction does not take into account the rule that if the specific intent is formed prior to the drugged condition, the drugged condition is of no consequence as a defense. See State v. Butner, 66 Nev. 127, 206 P.2d 253 (1949); People v. Bartz, 342 Ill. 56, 173 N.E. 779 (1930); Perkins on Criminal Law, 2d ed., p. 901 (1969).
I conclude that the requested instruction is neither wholly correct nor wholly pertinent. Hence, the trial judge committed no error in refusing to give it.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Chief Justice.
NOTES
[*] "The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:

(1) Where the production of the intoxicated or drugged condition has been involuntary, and the circumstances indicate this condition is the direct cause of the commission of the crime, the offender is exempt from criminal responsibility.
(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime."