354 So.2d 1330 (1978)
STATE of Louisiana
v.
Mose M. BIAS, Jr.
No. 60471.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied March 3, 1978.
*1331 Preston N. Aucoin, Ville Platte, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., Richard W. Vidrine, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Mose M. Bias, Jr. was charged by bill of information with two simple burglaries and thefts of a building owned by Ollie Deville, Jr., committed on April 11 and 26, 1976. Defendant was tried on only the burglary counts by a jury, and was acquitted of the April 11 burglary and convicted of the April 26 burglary. Defendant was sentenced to seven years at hard labor. On appeal defendant relies on four assignments of error for reversal of his conviction and sentence.
Defendant raises a substantial issue on Assignments of Error Nos. 3 and 4. He moved to quash the completed petit jury panel[1] on the basis that the State's exercise of peremptory challenges resulting in the virtual elimination of black jurors denied him his constitutional right to due process. Defense counsel informed the court that he was prepared to go forward with proof of a systematic exclusion of blacks with documentary evidence and the testimony of subpoenaed witnesses. However, the judge refused to allow defendant to make his proffer and, without hearing any evidence in that regard, denied defendant's motion.
This court has consistently reiterated its adoption of the views expressed in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), wherein the United States Supreme Court held that an accused is not denied equal protection when the State, through the use of peremptory challenges, prevents blacks from serving on the jury unless he can prove systematic exclusion over a period of time. See, e. g., State v. Trudell, 350 So.2d 658 (La.1977); State v. Sheppard, 350 So.2d 615 (La.1977); State v. Bennett, 341 So.2d 847 (La.1977).
Where defendant is able to establish a prima facie case of such systematic exclusion, the burden shifts to the State to show that no discrimination was practiced. Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970); State v. Brown, 319 So.2d 409 (La.1975). Defendant must not be denied the opportunity to make his prima facie showing.
The State in brief points out that one juror selected for the panel who did sit in judgment of the case is a member of the Negro race. Thus, it argues, the presence of that black juror on the panel is conclusive proof that there was no systematic exclusion of blacks in this case. This fact alone cannot preclude defendant from making a showing that blacks are systematically excluded in disproportionate numbers and that only a token selection of blacks has been made over a period of time.[2]
*1332 We find that the trial judge erroneously denied defendant the opportunity to prove the systematic exclusion of black jurors through the use of peremptory challenges by the State over a period time.
The remaining assignments of error are without merit. The evidence fully supports the ruling of the trial judge on the admissibility of the confession. The reply on voir dire examination by the prospective juror Guillory that he passed the store on the morning defendant was caught in the store did not justify a mistrial, in view of the admonition by the judge and the full explanation by Guillory. The ruling on the motion for new trial was correct.
Because no other reversible error is disclosed, and because the error noted might be obviated by an evidentiary hearing, we refrain from reversing the conviction, and will remand for a hearing. State v. Simmons, 328 So.2d 149 (La.1976).
For the reasons assigned, the conviction and sentence are affirmed, except that the case is remanded to the district court for an evidentiary hearing on the issue of systematic exclusion of blacks through the exercise of peremptory challenges by the prosecutor. If the trial court finds for the defendant on this issue, it shall grant the defendant a new trial. The right to appeal the trial judge's ruling is reserved to the defendant.
NOTES
[1] The State argues that defendant's motion was untimely and therefore was properly denied by the trial judge. C.Cr.P. 535(B)(1) provides that a motion to quash based upon an improperly drawn, selected, or constituted general or petit jury venire must be filed at least three judicial days before trial or, with the court's permission, any time before trial begins. Defendant's motion was filed on the second day of trial after conclusion of voir dire and selection of the jury panel. The motion to quash was not aimed at quashing the venire but was intended to quash the selected panel. Grounds for such a motion do not become apparent until after the trial has begun and the jury has been empaneled. Therefore, the time limitation expressed in article 535(B) is inapplicable to the instant case The motion was timely presented to the court.
[2] Cf. State v. Bastida, 310 So.2d 629 (La.1975) (mere fact one black was selected for jury panel did not prevent defendant from attempting to show a systematic exclusion; defendant, however, failed to make a prima facie showing).