368 So.2d 1037 (1979)
STATE of Louisiana
v.
Ruby Lee CLEMENT.
No. 63173.
Supreme Court of Louisiana.
March 5, 1979.
Rehearing Denied April 9, 1979.
*1039 Oliver "Jackson" Schrumpf, Sumpter & Schrumpf, Sulphur, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Nick Pizzolatto, Jr., Asst. Dist. Atty., for plaintiff-appellee.
CUTRER, Justice Ad Hoc.[*]
Ruby Lee Clement was charged by bill of information with possession of a firearm after having previously been convicted of a felony in violation of La.R.S. 14:95.1. After trial by jury, she was found guilty as charged and sentenced to serve seven years at hard labor. On appeal, defendant relies on four assignments of error for reversal of her conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends La.R.S. 14:95.1 is violative of the equal protection provisions of both the state and federal constitutions. U.S.Const. amend. XIV; La.Const. art. 1, § 3. She argues that this statute is unconstitutional in that the same act (carrying a concealed weapon) can be punished as a misdemeanor (La.R.S. 14:95) or as a felony (La.R.S. 14:95.1) at the discretion of the prosecutor and that, as such, it treats similarly situated persons in a dissimilar manner. Defendant further avers that La. R.S. 14:95.1 is unconstitutional in that the felonies enumerated therein include non-violent crimes (e. g., violations of our Uniform Controlled Dangerous Substances Law) and omit other violent offenses (e. g., assault and battery). She contends that such classification is arbitrary and capricious.
La.R.S. 14:95.1 was part of a 1975 amendment adding provisions to the previously existing La.R.S. 14:95. La.R.S. 14:95 makes criminal the illegal carrying of weapons. The penalty for violation of La.R.S. 14:95 is a fine of not more than five hundred dollars or six months in jail, or both.[1]
In 1975 the legislature enacted special legislation to punish a person who has been convicted of certain enumerated felonies[2] and who possesses a firearm or concealed weapon. La.R.S. 14:95.1. The statute contemplates proof of prior conviction of an enumerated offense as well as possession or concealment of a weapon. State v. Sanders, 337 So.2d 1131 (La.1976). By its passage of La.R.S. 14:95.1 the legislature raised the maximum penalty for carrying a concealed weapon from six months and five hundred dollars (La.R.S. 14:95) to a maximum of ten years without benefit of pardon, parole, or suspension of sentence and a maximum fine of five thousand dollars because the offender has committed prior felonies.
Defendant argues that these differing penalty provisions renders La.R.S. 14:95.1 unconstitutional (when construed with La. R.S. 14:95) as prescribing dissimilar punishment for the same act.
Defendant's argument misconstrues the nature and effect of these provisions. In pertinent part, La.R.S. 14:95 proscribes the intentional concealment of any firearm on one's person. In contrast, under La.R.S. 14:95.1, it is not the possession or concealment *1040 of a weapon  standing alone  which is a felony. It is made a felony only when the person committing the act has previously been convicted of one of the enumerated offenses. The act of possessing or concealing a weapon becomes a felony only because the offender has the status of a convicted felon. See State v. Sanders, supra; see also State v. Williams, 358 So.2d 943 (La.1978). As this court indicated in State v. Amos, 343 So.2d 166, 168 (La.1977), such differentiation is not impermissible:
"We are satisfied that it is reasonable for the legislature in the interest of public welfare and safety to regulate the possession of firearms for a limited period of time by citizens who have committed certain specified serious felonies. Courts of other states having statutes and constitutional provisions comparable to our own have similarly concluded that such regulation is constitutionally permissible as a reasonable and legitimate exercise of police power." (citations omitted)
Neither do we accept defendant's contention that the felonies enumerated in La.R.S. 14:95.1 constitute arbitrary and capricious legislative classification. The felonies enumerated in La.R.S. 14:95.1 are, in the first instance, a matter entrusted to the judgment of the legislature. Violations of the Uniform Controlled Dangerous Substances Law remain serious felony offenses, notwithstanding their apparent lack of violence. The exclusion of other, potentially violent felonies (e. g., assault and battery) does not render the enumeration arbitrary or capricious.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial court erred in denying her motion for a new trial grounded upon the claim that the state failed to comply with its discovery obligation.
Prior to trial, defendant filed a motion for discovery requesting, inter alia, that the state furnish a copy of any record of the defendant's criminal arrests and convictions. The trial judge granted this motion.
At trial, defendant testified in her own behalf. On cross-examination, the district attorney asked defendant if she had been convicted of cruelty to a juvenile and sentenced to serve 90 days in jail in Lake Charles, Louisiana, in 1957. Defendant responded that she had never been convicted of cruelty to a juvenile.
After trial, but prior to sentencing, defendant filed a motion for a new trial alleging that the state, without malice or wrongful intention, had not furnished to defendant a record of her arrest or conviction as to the alleged 1957 charge of cruelty to a juvenile. Therefore, defendant, argued, the state's cross-examination of defendant on the 1957 charge was prejudicial and adversely affected her credibility before the jury.
Upon motion of the defendant, the court shall order the district attorney or the appropriate law enforcement agency to furnish to defendant a copy of any record of her criminal arrests and convictions that is in their possession or custody. La.Code Crim.P. art. 717. If, subsequent to compliance with an order issued pursuant to the discovery articles and prior to or during trial, a party discovers additional evidence or decides to use additional evidence and such evidence is, or may be, subject to discovery or inspection under the order issued, he shall promptly notify the other party and the court of the existence of the additional evidence, so that the court may modify its previous order or allow the other party to make an appropriate motion for additional discovery or inspection. La.Code Crim.P. art. 729.3.
It is thus apparent that defendant was entitled to a copy of any record of her criminal arrest and conviction relating to the alleged 1957 charge of cruelty to a juvenile in the possession of the state. However, our review of the record reveals that no objection was made by defense counsel contemporaneously with the questioning *1041 now assigned as error.[3] La.Code Crim.P. art. 841 provides, and this court has consistently held, that an irregularity or error in the proceeding cannot be availed of after verdict unless it is objected to at the time of its occurrence. See State v. Matthews, 354 So.2d 552 (La.1978); State v. Ford, 349 So.2d 300 (La.1977); State v. Finley, 341 So.2d 381 (La.1976). Hence, this issue is not properly before us.
Moreover, we note that on direct examination, defense counsel questioned defendant concerning several other previous convictions: a 1973 conviction for murder without malice in Texas; a 1968 conviction for forgery; a 1969 conviction for forgery; a 1971 conviction for simple assault and shoplifting; a 1972 conviction for petty theft; and a 1973 conviction for misdemeanor theft. Consequently, we are unable to say that the state's questioning of defendant as to an alleged 1957 conviction for cruelty to a juvenile probably resulted in a miscarriage of justice, was prejudicial to the substantial rights of the accused, or constituted a substantial violation of a constitutional or statutory right. Hence, any error that might have resulted from the state's failure to comply with its discovery obligation is not reversible. La.Code Crim.P. art. 921; State v. Williams, 347 So.2d 214 (La.1977).
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in allowing the admission of a certain item of physical evidence. She argues that the state failed to lay the proper foundation for the admission of the item in that the state did not establish a proper chain of custody.
At trial, the arresting officer, Bushnell, testified that when he searched defendant he found a .22 caliber double barrel Derringer pistol tucked into the left side of her waistband. After retrieving the pistol, Bushnell handed it to Officer Davis, the identification officer. Bushnell positively identified the pistol as the one recovered from defendant. This in-court identification was strengthened by the fact that Bushnell had scratched his initials on the barrel of the pistol. The state, at this point, offered the pistol in evidence, to which defendant objected. The trial court sustained the objection.
Thereafter, the identification officer, Davis, testified that, after being given the pistol by Bushnell, he also scratched his initials on the barrel, tagged it for identification, and placed it in his evidence locker at the police station. Davis indicated that his evidence locker was locked and that only he and Officer Palmertree (evidence custodian) had the keys to the locker. Davis also indicated that he had taken the pistol out of the locker several times and that there was no log book or other record reflecting the movements of the pistol. Davis also positively identified the pistol as the one taken from defendant, and noted his initials on the barrel.
The state again offered the pistol in evidence, to which defendant re-urged her objection. The trial judge overruled defendant's objection and admitted the item into evidence.
To admit demonstrative evidence at trial, the object must be identified. This identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by *1042 establishing the custody of the object from the time it was seized to the time it was offered in evidence. State v. Leggett, 363 So.2d 434 (La.1978); State v. Drew, 360 So.2d 500 (La.1978). For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case. State v. Drew, supra; State v. Robertson, 358 So.2d 931 (La.1978); State v. Collins, 328 So.2d 674 (La.1976).
After reviewing the testimony of Officers Bushnell and Davis, we find that the state laid an adequate foundation for admission of the pistol into evidence by showing that it was more probable than not that the pistol was the one seized from defendant. Hence, the trial judge did not err in admitting the item into evidence.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in refusing to give a special requested charge relating to the defense of justification. She argues that the trial judge was required to give the charge because it was wholly correct and pertinent.
Defendant testified that on the date of the alleged offense, she, her daughter, and her two-year-old grandchild were visiting the residence of Charles Thibeaux. Defendant was preparing to go to a nearby store, when she observed the grandchild playing with a pistol.
Defendant took the weapon from the child and, rather than leave the pistol inside the house, placed it in the waistband of her pants. Thereafter, defendant left the house to go to a store in the area. Upon her return from the store, defendant was stopped by the police, who seized the weapon from her possession.
Defendant thus admitted that the pistol was in her possession when she was stopped by the police. She stated that she took the pistol away from her grandchild to prevent him from hurting himself and that she did not know whether the pistol was loaded or not. Upon cross-examination, defendant indicated that, at the time she took the pistol from the child, there were four adults inside the Thibeaux residence. She stated that she did not leave the pistol with one of the other adults because she "was in somebody else's house."[4]
At the close of testimony, defendant furnished the trial court with a written list of suggested charges dealing with the defense of justification. The trial judge rejected these charges, stating that "[t]here was no evidence to indicate that these changes be given." Defendant objected to this ruling.
It is the duty of the trial judge to give a requested charge, which does not require qualification, limitation, or explanation and is not included in the general charge or in another special charge to be given, if it is wholly correct and pertinent to the case. La.Code Crim.P. art. 807; State v. Marse, 365 So.2d 1319 (La.1978); State v. Miller, 338 So.2d 678 (La.1976); State v. Youngblood, 235 La. 1087, 106 So.2d 689 (1958). This is a corollary of the trial judge's basic obligation to charge the jury as to the law applicable to the case, under which he is required to cover every phase of the case supported by the evidence whether or not accepted by him as true. La.Code Crim.P. art. 802; State v. Marse, supra; State v. Miller, supra. It follows from these rules that the trial judge is required to charge the jury, in response to an otherwise proper request, as to the law applicable to any theory of defense which a jury could reasonably infer from the evidence. State v. Marse, supra. The requested charge, however, must be supported by the evidence, for the trial court is not required to instruct the jury on abstract principles of law. See State v. Fox, 251 La. 464, 205 So.2d 42 (1967); State v. Johnson, 250 La. 85, 193 So.2d 794 (1966).
*1043 The special charges requested by defendant reflect that her claim of justification was based upon the contentions that her conduct constituted "reasonable discipline of minors by their parents, tutors, or teachers," (La.R.S. 14:18(4)) or was "in defense of persons or of property under any of the circumstances described in Articles 19 through 22"[5] [La.R.S. 14:18(7)].
The testimony of the defendant clearly reflects that the trial court's refusal to give the requested charges was correct. Assuming, but without deciding the applicability of the principle of justification to a prosecution of the crime charged herein, there is no evidence presented from which the jury could infer any theory of defense grounded upon the law of justification. No justification could apply at a point in time when defendant left the residence, proceeded to walk to a store in the area with a friend and with the pistol tucked in her waistband. There was ample time and opportunity, before leaving, to give the weapon to one of the other adults or to place the weapon in a safe place in the house. Hence, the trial judge did not err in rejecting defendant's requested charges.
Assignment of Error No. 4 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[*] Judge Cecil C. Cutrer of the Court of Appeal, Third Circuit, participated in this decision as Associate Justice Ad Hoc.
[1] The statute provides greater penalties for multiple offenders. Upon a second conviction, the offender shall be imprisoned with or without hard labor for not more than five years. La.R.S. 14:95(C). On third and subsequent convictions, the offender shall be imprisoned with or without hard labor for not more than ten years without benefit of parole, probation, or suspension of sentence. La.R.S. 14:95(D).
[2] The enumerated felonies are: first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the enumerated offenses. La.R.S. 14:95.1 A.
[3] In her motion for a new trial, defendant alleged that defense counsel entered an appropriate objection at a bench conference requested by defense counsel. The record does indicate that an off-the-record discussion between counsel and the judge did occur immediately prior to the state's cross-examination relating to the alleged 1957 conviction. There is, however, no indication as to the nature of the discussion, any ruling made by the trial judge during the discussion, or any defense objection as to any ruling so made by the trial judge. Immediately after this discussion, the state began questioning defendant as to the 1957 conviction. Again, no objection was entered by defense counsel during this questioning. We therefore consider that defendant failed at any time to enter a proper objection to the state's alleged improper cross-examination of defendant.
[4] In apparent conflict with this testimony, Charles Thibeaux later testified that defendant, her daughter, and the grandchild had been living with him for several months.
[5] La.R.S. 14:19 provides as follows:

"The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide."
La.R.S. 14:22 provides as follows:
"It is justifiable to use force or violence or to kill in the defense of another person when it is reasonably apparent that the person attacked could have justifiably used such means himself, and when it is reasonably believed that such intervention is necessary to protect the other person."