419 So.2d 933 (1982)
STATE of Louisiana
v.
William B. EASTIN.
No. 81-KA-2928.
Supreme Court of Louisiana.
September 7, 1982.
*934 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, *935 Dist. Atty., Richard W. Vidrine, Asst. Dist. Atty., for plaintiff-appellee.
Preston N. Aucoin, Ville Platte, for defendant-appellant.
FRED C. SEXTON, Jr., Justice Ad Hoc.[*]
Defendant William B. Eastin was charged by a bill of information with the offense of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. After a trial in July of 1981 in which the defendant was found guilty as charged, he was sentenced to seven years at hard labor. He appeals originally asserting eleven assignments of error, seven of which he now argues. Those assignments not argued are considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
FACTS
The defendant was arrested on April 5, 1980, in connection with the break-in and resulting theft at the residence of Jimmy Reed a neighbor and contemporary of the defendant. After arrest Mr. Eastin signed a permission to search an automobile which he had been using and the area surrounding his residence. During this search two pieces of stereo equipment belonging to the complainant were located.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
In these two separate assignments of error the defendant apparently complains of the fashion in which the defendant was charged, and also complains of the court's denial of a request for a continuance when the prosecutor refused to indicate which of several charges he planned to try the defendant on.
The first assignment of error asserts that the state failed to elect which of several separate charges filed against the defendant would proceed to trial until the morning of the trial. Assignment of error number two complains that there were two separate bills of information pending charging the defendant with the same burglary (one for simple burglary and one for burglary of an inhabited dwelling) which somehow prejudiced the defendant.
Originally, after the defendant's arrest, the District Attorney filed a bill of information (or indictment) charging the defendant with seven separate offenses in the same information. Contained therein were three simple burglaries and three thefts related to each of the burglaries, as well as a weapons charge. The District Attorney subsequently filed three additional bills of information. Each of these new bills charged a separate burglary and the theft related thereto. Additionally the burglaries were now alleged to have been burglaries of inhabited dwellings. Also the weapons charge was contained in one of the other two bills, not the subject of these proceedings.
On July 10, 1981, the minutes indicate that the matter came up for hearing on motions previously set on June 30. It is not clear from the colloquy or the minutes which specific motions came on for hearing on that date. As the hearing got under way it became apparent that while both counsel thought the previous seven count information had been dismissed, that this information was still pending. As a result of this confusion the case was continued until July 13 at which time a motion to quash on behalf of the defendant was allowed. The defendant urged the court that since the original information had not been dismissed it superceded the others and acted as a sort of criminal lis pendens barring prosecution on the subsequent three bills. After considerable discussion the trial court on its own motion dismissed the original seven count information over defense objection. Assignment of error number two, then, refers to this objection.
Defense counsel plainly stated on at least two separate occasions to the court that he had assumed that the original information *936 had been dismissed and it was his understanding that the District Attorney was of the same view. He has cited no prejudice resulting from these circumstances, and we are unable to perceive of any. This assignment lacks merit.
Assignment number one specifically asserts error because of the District Attorney's refusal to state which one of the seven offenses which the defendant was alleged to have committed would be called to trial first;[1] and further asserts error in the denial of a continuance filed July 21, the morning of the trial. The main thrust of defendant's argument is that he was prejudiced by having to prepare so many cases for trial at one time. He cites no specific instance of prejudice, however, other than to contend that having to prepare for these seven cases on the same day resulted in "prejudice."
These matters had been pending for a significant period of time. The record indicates that the preliminary examination occurred on June 20, 1980, and that the seven count information had already been filed at that time. This trial occurred on July 21, 1981. Thus, there was ample time for counsel to be prepared. Likewise, the state was in the same boat as the defense in having to be prepared on all counts. We know of no authority, nor have we been cited any, which would require the state to elect in advance of the date of trial which of several pending offenses which are set on the same date it plans to call first. The orderly administration of justice requires that the state's discretion in calling cases for trial not be interferred with absent a clear showing that such discretion has been abused so as to cause some specific prejudice to the defendant. No such specific prejudice has been shown here.
This assignment of error lacks merit.
ASSIGNMENTS OF ERROR NOS. 3 AND 5
By assignment of error number three defendant contends that the trial court erred in overruling his motion to quash the jury venire. At the trial of the motion defendant showed that the venire was taken strictly from the voter registration rolls. He asserts that this method of selection systematically excludes a certain class of persons, i.e. non-voters. State v. Daigle, 344 So.2d 1380 (La.1977), is fatal to defendant's position in the context of this record. Daigle expressed concern over the propriety of using voter registration lists as the only source from which a venire was compiled, but went on to state that using such a list was satisfactory unless the defendant could show that such use discriminated against a class of people to the extent that it "did not represent a fair cross section of the community." Daigle, supra, at p. 1390 (emphasis added).
The defendant has made no showing that the exclusion of non-voters resulted in racial or class discrimination, or that the venire did not represent a reasonable cross section of the community.
This assignment of error lacks merit.
By assignment of error number five the defendant complains of the failure of the trial judge to entertain his motion to quash the jury panel selected for the trial after the completion of that panel, citing State v. Bias, 354 So.2d 1330 (La.1978).
This reliance on Bias is misplaced. Bias involved a contention of systematic exclusion of blacks in the process of jury selection itself by the use of peremptory challenges. In this case the defendant made no contention that a class of persons available for selection to the panel were systematically excluded by the prosecution's use of peremptory challenges, which could be the only basis for such a motion. He was still complaining about the failure to include non-voters in the general venire, therefore resulting in their exclusion from the petit jury panel itself. Obviously this motion was a corollary to the motion discussed in assignment number three and fails with that assignment.
Thus assignment of error number five also lacks merit.
*937 ASSIGNMENT OF ERROR NO. 4
By this assignment of error the defendant contends that the trial court erred in denying the defense challenges for cause to three prospective jurors; Joseph K. Johnson, Neltada Brown and Renis Fontenot. Defendant exhausted all peremptory challenges.
It was apparent from the voir dire that the defense was going to assert that the defendant was a long term drug addict under the influence of drugs at the time of the offense. The jurors were routinely inquired of as to whether they had any specific prejudice against drug addicts such that they would judge defendant guilty of this offense simply because he was a drug addict.
The trial court is vested with broad discretion in ruling on challenges for cause. That ruling should not be disturbed on appeal unless there is a showing of an abuse of that discretion. A review of the entire voir dire is essential to determine if the trial court's discretion was arbitrary and resulted in prejudice. State v. Bates, 397 So.2d 1331 (La.1981).
Prospective juror Joseph K. Johnson, when asked about his feelings concerning drugs responded:
A. I don't like drugs. I don't like people that use drugs. I don't like them around me.
Q. You feel like Mr. Stevens or worse?
A. Maybe worse.
Defense counsel then moved to challenge the juror for cause as a Mr. Stevens had just been.[2] At the invitation of the state the court conducted a further inquiry of Mr. Johnson. He went on to say, "I'm not saying the man's guilty or not guilty. The question was, you know, how I feel about drugs?" Later on Mr. Johnson, though indicating that the defendant had already committed a crime by using drugs, responded that he would try the defendant on the burglary charge alone. He also indicated that he would listen to the evidence.
The trial court stated in evaluating Mr. Johnson's responses and in deciding the challenge for cause:
"... we don't want anyone to want to say to the court that I don't have any feeling one way or the other about drugs in order to sit on this jury because we know we have feelings and I think what Mr. Johnson has just said satisfies the court that he would try him on the burglary charge alone."
Obviously the court was aware that all of the jurors had a distaste for drugs but was convinced that this juror had been rehabilitated and would try the defendant strictly on the law and evidence relating to the case at hand. See State v. McClure, 249 So.2d 109 (La.1971), where a juror who was prejudiced against the use of alcohol indicated that he would follow the court's instructions with regard to intoxication as a defense was considered rehabilitated.
Thus, a seemingly prejudicial juror had demonstrated, upon further inquiry by the court the ability to try the case impartially in the view of the trial court. State v. Bates, supra. Though, concededly, the issue with respect to this juror is a close one, considering the entire voir dire we find no abuse of discretion by the trial court.
With respect to Neltada Brown, after a somewhat confusing voir dire exchange, defense counsel zeroed in on whether the juror would presume the defendant guilty of this offense because of his use of illegal drugs. She stated she would find him guilty, "If it would be proven to me." Then after additional questioning, she stated again, "it would have to be proven that he committed the burglary."
The trial court did not abuse its discretion in denying the challenge for cause to this juror. The totality of her responses made it clear that she would judge the defendant only on the basis of the charge at hand.
*938 The final juror complained of, Renis Fontenot, was the father of a law partner of an assistant district attorney. It is not contended that this assistant had any involvement in the prosecution of this case. When the defense attorney asked Mr. Fontenot if he could actually serve impartially notwithstanding this relationship, Mr. Fontenot replied:
A. I'm surprised you'd ask that question. Would you think I'd convict a man just because my son is in the same office with the assistant D. A. Preston?
Q. Well I'm not sure about that. You know we all love our children.
A. Well, if you're in doubt, just take me out.
Q. You want to take yourself off?
A. If that's the way you feel, yes.
Q. Okay. I do.
This colloquy occurred toward the end of the examination of Mr. Fontenot. Though the challenge was not well articulated defense counsel told the court, "I mean, obviously the hostility has been formed." The trial judge intervened, specifically stating that he saw no hostility on the part of the juror and emphasized that he wanted the record to so reflect.
Considering the examination of the juror as a whole the trial judge's finding is correct. Relationship to a District Attorney itself is insufficient to disqualify Mr. Fontenot from service absent an additional showing that that relationship would influence the juror improperly. State v. Jones, 345 So.2d 1157 (La.1977); State v. Sugar, 408 So.2d 1329 (La.1982). The entire voir dire of the juror reflects no prejudice as a result of the relationship.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 6
Defendant argues that the trial court erred in failing to grant a mistrial on the basis of the prosecutor's prejudicial reference to other crimes perpetrated by defendant. The District Attorney asked the following:
Q. Let me ask you ... on June 20th there is a Note of Evidence here that shows you were on the stand under oath.
A. Yes sir.
Q. And you were asked this question. Was the taking of pills did it cause an affect on you where you have committed these burglaries and don't remember? Do you remember being asked that question? (Emphasis added).
At this point an objection was made, the jury was removed and defense counsel moved for a mistrial based on LSA-C.Cr.P. Art. 770(2).[3] Defendant based his interpretation of Article 770(2) on this court's holding in State v. Collins, 283 So.2d 744 (La. 1973) that the prosecutor's reference to another burglary was improper and constituted a mandatory mistrial. Therefore, defendant submits that the trial judge in the instant case erred by not granting a mistrial.
As the trial judge noted in ruling on the motion, evidence of at least one other burglary was before the jury. In direct testimony the defendant had described a lengthy history of drug abuse, and in response to his counsel's questions freely admitted to the burglary and drug theft at the office of a Dr. Barry Fuselier. Thus, from the evidence before them the jury could well have inferred that the inquiry was directed at the instant burglary, and the Fuselier burglary, rather than other *939 burglaries outside the evidence of the case. In the context made there is no prejudicial effect to this defendant and any possible error was harmless.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 7
By this assignment of error the defendant complains of the failure of the trial court to give 13 of the 16 special charges submitted by the defense. While the assignment lists 13 of the charges specifically, the defendant only argues to us the failure to include charge number 16 with respect to a drugged condition as a defense. The defendant cites State v. Lentz, 306 So.2d 683 (La.1975). In that case this court held that where the defense was intoxication it was error for the trial court to fail to give the defendant's specially requested charge if that charge was wholly correct and there was arguable evidence of that defense. No charge at all was given on intoxication in Lentz. This defendant submitted essentially the same lengthy and complicated charge as that submitted by the defense in Lentz. But in the instant case the trial court did instruct the jury on the issue as follows:
"The fact that the defendant was in an intoxicated or drugged condition at the time of the commission of the crime is usually no defense.
However, where the circumstances indicate that the defendant voluntarily became intoxicated or drugged and that his intoxicated or drugged condition precluded the presence of a specific criminal intent, this fact constitutes a defense to a prosecution for that crime."
The trial judge did not misstate the law and the defendant has pointed to no specific prejudice as a result of the trial judge's condensation of the law at issue. This court has consistently refused to reverse a conviction on the basis of a disputed jury charge unless that charge when considered as a whole is shown to be erroneous or prejudicial. State v. Dupre, 369 So.2d 1303 (La.1979).
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 10
By this assignment of error defendant contends that the trial court erred in denying a motion for a new trial based on the same alleged errors subsequently cited to this court as Assignments of Error. These issues have already been considered and found without merit, thus this assignment lacks merit.
Accordingly the conviction and the sentence of the defendant are affirmed.
AFFIRMED.
CALOGERO, Justice, dissenting.
There is merit in A/E # 4. Juror J. K. Johnson should have been excused for cause. He was not rehabilitated.
NOTES
[*] Judges Fred C. Sexton, Jr., and William Norris, III, of the Court of Appeal, Second Circuit, and Judge Robert L. Lobrano of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack C. Watson, and Harry T. Lemmon.
[1] The three bills with a total of seven counts were all set for trial on the same day.
[2] Shortly before the examination of Mr. Johnson a rather confusing exchange occurred between defense counsel and Mr. Stevens wherein Mr. Stevens seemed to indicate that the state would have a reduced burden of proof if it were shown that the defendant was under the influence of drugs at the time of the alleged offense.
[3] LSA-C.Cr.P. Art. 770. Prejudicial remarks; basis of mistrial

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendants as to which evidence is not admissible;
* * * * * *